NO. 07-01-0480-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 7, 2001


______________________________



IN RE MYRON D. GREEN
,




 Relator

_________________________________



 ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS 


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Pending before this court is the petition of Myron D. Green for a writ of mandamus. (1) 
Green requests that we order the "Judge of the 108th District Court of Potter county, Texas"
to rule on the following motions for 1) appointed counsel, 2) "discovery [and] inspection,
3) summary judgment, and 4) default judgment. We deny the application for the reasons
which follow. 

 First, Rule 52.3 of the current rules requires that the factual allegations contained
in the petition be verified by affidavit on personal knowledge. Green failed to verify them
or attest to their accuracy pursuant to §§132.001-132.003 of the Texas Civil Practice and
Remedy Code. (2) Second, his application is also missing an appendix as mandated by rule
52.3(j) of the rules of appellate procedure. The appendix must include, among other
things, a certified or sworn copy of the document showing the matter complained of. In this
case, the document showing the matter complained of would be the four motions allegedly
filed with the court. None, however, were provided to us via appendix or otherwise. Thus,
Green failed to comply with the rules applicable to obtaining mandamus relief. 

 Next, the need to consider and rule upon a motion is not a discretionary act. In re
Bates, No. 07-01-0199-CV, 2001 Tex. App. WL 513450, at *1 (Tex. App.--Amarillo May
15, 2001, no pet. h.); In re Ramirez, 994 S.W.2d 682, 683 (Tex. App.--San Antonio 1998,
orig. proceeding). Rather, when the motion is properly filed and pending before a trial
court, the act of considering and resolving it is ministerial. Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig. proceeding) (quoting O'Donniley
v. Golden, 860 S.W.2d 267, 269-70 (Tex. App.--Tyler 1993, orig. proceeding). However,
the court has a reasonable time within which to perform this duty. Id.; Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding).

 Additionally, no bright-line demarcates the boundaries of a reasonable time period. 
Bates, 2001 WL 513450, at *1. Its scope is dependent upon a myriad of factors, not the
least of which is the trial court's actual knowledge of the motion or request, its overt refusal
to act on same, the state of the court's docket, and the existence of other judicial and
administrative matters which must be addressed first. Id. So too must the trial court's
inherent power to control its own docket be factored into the mix. See Ho v. University of
Texas at Arlington, 984 S. W.2d 672, 694-695 (Tex. App.--Amarillo 1998, pet. denied)
(holding that a court has the inherent authority to control its own docket). Finally, because
it is the burden of the party requesting mandamus relief to prove his entitlement to same,
Bates, 2001 WL 513450, at *1, Green had the obligation to provide us with evidence of the
foregoing indicia (or the like) against which we could test the reasonableness of the court's
supposed delay. 

 Here, however, we have no evidence of the complexity of the 4 motions in question
(since we lack a copy of same), the number of other cases, motions, or issues pending on
the trial court's docket, the number of cases, motions, or issues which have pended on its
docket longer than that at bar, the number of cases, motions, or issues pending on its
docket that lawfully may be entitled to preferential settings, or the trial court's schedule. 
Without such evidence, any attempt to assess whether the judge of the 108th acted
unreasonably in allegedly failing to address the 4 motions would be mere folly. Again, a
trial court has great discretion over its docket. And, while it cannot opt to unreasonably
delay hearing a motion, no litigant is entitled to a hearing at whatever time he may
choose. (3) 

 Accordingly, the petition for writ of mandamus is denied. 

 

 Per Curiam

 

Do not publish. 
1. Green, also, filed pleadings with his Mandamus application entitled "Plaintiff's Motion to
Modify/Amend Claim for Damages" and "Motion for Recovery of Expenses." However, it appears from these
documents that he intended to file them with the 108th District Court as the documents are styled "In the 108th
District Court of Potter County, Texas." Furthermore, Green seeks through the motions 1) permission from
the trial court to amend his pleadings and 2) attorney's fees for the prosecution of his lawsuit. Consequently,
we will forward them to the district clerk of Potter County, Texas for filing.
2. That Green acts in a pro se capacity does not relieve him from complying with the rules of appellate
procedure. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied).
3. To the extent that Green also asks us to order the trial court to grant his motion for summary
judgment, we cannot do that. Our authority, when subject to exercise, extends solely to ordering a court to
act upon a motion; we cannot tell the trial court how to rule. O'Donniley v. Golden, 860 S.W.2d 267, 269
(Tex. App. - Tyler 1993, no pet.). Nor do we have the authority to ourselves rule on the pending motions
for our jurisdiction extends solely to acting once the trial court has acted or arbitrarily refused to act. 
O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992).



ndant, by inserting his penis into her anus.
 
PARAGRAPH TWO: And it is further presented in and to said court that the
defendant in the County of Tarrant . . . on or about the 1st day of May, 2006,
did then and there intentionally or knowingly cause the anus of [A.L.], a child
younger than 14 years of age who was not the spouse of said defendant, to
contact the sexual organ of the defendant . . . .
 
          The State waived Count One and proceeded to trial on Count Two (aggravated
sexual assault of a child) and Count Three (indecency with a child). At trial, the jury heard
evidence that, in May 2006, A.L. made an outcry to her mother that Appellant was sexually
abusing her. A.L.’s mother worked for Appellant’s wife. While Appellant’s wife and A.L.’s
mother were at work, Appellant kept A.L. and her younger brother. A.L. told her mother
that Appellant was “messing with [her] tee-tee with his fingers” and “tried to wiggle his tee-tee in her booty.” When examined by a pediatric nurse practitioner, A.L. told her that
Appellant’s finger rubbed and penetrated her tee-tee and his tee-tee went into her butt. 
When asked if anything had come out, A.L. told the nurse there was a wet spot on the bed.
          A.L. testified that, during her naps, Appellant “stuck his hand down [her] pants” and 
“stuck his private in [her] back private.” She also testified that Appellant’s hand went
“inside” her private and that his private went “in” her “back side.” She testified this occurred
more than once. A.L. drew a picture of Appellant’s penis. She further testified that, after
Appellant did these things to her, there would be “a little wet spot” on the sheet.
          Appellant testified that he was innocent and denied ever touching A.L.
inappropriately. He testified that A.L. used to walk in on him when he was using the
restroom so often “it finally got to the point where I would just hold everything until
somebody else got there to watch her while I went.” He also testified that he would often
clean A.L.’s genital and anal areas when she had “accidents” in her pants. 
          At the conclusion of the trial, the State made no formal election of which theory it
would rely upon for conviction and the trial court charged the jury on Count Two, in
pertinent part, as follows:
Now bearing in mind the foregoing instructions, if you believe
from the evidence beyond a reasonable doubt, that on or
about the 1st day of May, 2006, in Tarrant County, Texas, the
defendant, Jimmy Dale Hollon, did then and there intentionally
or knowingly cause the penetration of the anus of [A.L.], a child
younger than 14 years of age who was not the spouse of said
defendant by inserting his penis into her anus; or did then and
there intentionally or knowingly cause the anus of [A.L.], a child
younger than 14 years of age who was not the spouse of said
defendant, to contact the sexual organ of the Defendant, then
you will find the Defendant guilty of aggravated sexual assault
of a child as charged in Count Two of the indictment.
 
          Regarding the jury charge for Count Two, the State indicated in its closing argument
that, if either penetration or contact were proven beyond a reasonable doubt, “then that
element is met.” Appellant did not object to the State’s failure to make an election or to this
argument. Thereafter, the jury found Appellant guilty on Counts Two and Three and
punishment was assessed at seven years confinement for Count Two and ten years
community supervision on Count Three. This appeal followed.
Discussion
          Appellant asserts that he was denied his right to a unanimous jury verdict because
it is impossible to determine from the jury’s general verdict whether the jury unanimously
determined Appellant caused penetration or contact, or split their votes between the two
acts. The State asserts the disjunctive charge was proper because Appellant was not
charged with separate offenses but alternative means of committing one offense.
          Analyzing a jury-charge issue involves a two-step process. We must first decide
whether the trial court erred in issuing the charge. Ngo v. State, 175 S.W.3d 738, 743
(Tex.Crim.App. 2005). Then, if error exists, we must analyze whether sufficient harm
resulted from the error to require reversal. Id.
 
          I.        Jury Unanimity
          A jury verdict in a criminal case must be unanimous. Tex. Const. art. V, § 13. See
Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2008). Because of the possibility of a
nonunanimous jury verdict, “separate offenses” should not be submitted to the jury in the
disjunctive. Francis v. State, 36 S.W.3d 121, 124-25 (Tex.Crim.App. 2000); Clement v.
State, 248 S.W.3d 791, 800 (Tex.App.–Fort Worth 2008, no pet.). The unanimity
requirement is not violated, however, when the jury is instructed on alternative theories, or
manner and means, of committing the same offense and the defendant does not demand
an election before the case is submitted to the jury for consideration. Pizzo v. State, 235
S.W.3d 711, 715 (Tex.Crim.App. 2007). Where alternate theories of committing the same
offense are submitted to the jury in the disjunctive, and the jury is required by the charge
to find each element of the offense beyond a reasonable doubt, it is appropriate for the jury
to return a general verdict if the evidence is sufficient to support a finding under any of the
theories submitted. Kitchens v. State, 823 S.W.2d 256 (Tex.Crim.App. 1991).
          II.       Aggravated Sexual Assault of a Child Charge
          A person commits an offense of aggravated sexual assault on a child if the person
intentionally or knowingly performs any of the following acts and the victim is younger than
fourteen years of age:
(1) causes the penetration of the anus or sexual organ of a child by any
means;
(2) causes the penetration of the mouth of a child by the sexual organ of the
actor;
(3) causes the sexual organ of a child to contact or penetrate the mouth,
anus, or sexual organ of another person, including the actor;
(4) causes the anus of a child to contact the mouth, anus, or sexual organ
of another person, including the actor; or
(5) causes the mouth of a child to contact the anus or sexual organ of
another person, including the actor. . . .
 
Tex. Penal Code Ann. § 22.021(B)(i-v) (Vernon Supp. 2008).
 
          Section 22.021 is a conduct-oriented offense and each separately described act
generally constitutes a separate statutory offense. Vick v. State, 991 S.W.2d 830, 832-33
(Tex.Crim.App. 1999). However, the offense of aggravated sexual assault by genital-to-genital contact is necessarily “subsumed” within the offense of sexual assault by penile
penetration of the female sexual organ. See Patterson v. State, 152 S.W.3d 88, 92
(Tex.Crim.App. 2004); Vick, 991 S.W.2d at 834 n.2.


 Because the charges are subsumed,
penetration and contact may be charged in the disjunctive without danger that different
jurors will agree a crime has been committed but disagree upon which one. This is so
because every juror who believed that the defendant penetrated the victim’s anus
necessarily believed that the antecedent contact had occurred. Tyson, 172 S.W.3d at 178
(quoting Hendrix, 150 S.W.3d at 847-48). Thus, the trial court’s instruction on aggravated
sexual assault was proper because the penetration offense subsumed the contact offense.
          Appellant contends this exception is inapplicable because there was evidence that
penetration and contact occurred more than once. Appellant, however, did not face
accusations of multiple or separate acts of penetration or contact nor was there testimony
describing any specific incident other than the incident charged in the indictment. 
Moreover, although A.L. testified that anal penetration occurred more than once, she gave
only one description of this abuse. She did not specify how many times it happened or
distinguish one assault from another–temporally or substantively.


 
          Appellant cites Martinez v. State, 212 S.W.3d 411 (Tex.App.–Austin 2006, pet.
ref’d), for the proposition that, where more than one act of penetration or contact is proven,
a disjunctive instruction constitutes error. However, Martinez is inapposite because there
was “evidence of more than one act involving contact, and those acts did not always
involve penetration.” Id. at 418-19. In Martinez, the victim’s mother testified that “the
abuse happened on more than one occasion,” and that abuse was “different sometimes.”
Id. at 419. Here, the abuse happened more than once but was the same each time.


 
          Accordingly, based upon our review of the entire record, we overrule Appellant’s
point of error. 
Conclusion
          The trial court’s judgment is affirmed.
 
                                                                                      Patrick A. Pirtle 

                                                                                             Justice 



Do not publish