James Lee **VICK**, Appellant,

v.

The **STATE** of Texas.

No. 367–98.

Court of Criminal Appeals of Texas.

Feb. 24, 1999.

---

831

Floyd D. Holder, Lubbock, for appellant.

Jeffrey L. Van Horn, First Asst. State's Atty., Matthew Paul, Austin, for the State.

## OPINION

KELLER, J., delivered the opinion of the Court in which McCORMICK, P.J., and PRICE, HOLLAND, WOMACK, and KEASLER, JJ., joined.

The question in this case is whether double jeopardy protection under the constitutions of Texas and the United States applies to prevent multiple prosecutions based on alleged violations of the same statute during the same criminal transaction. Appellee was tried and acquitted of aggravated sexual assault. He was then indicted for aggravated sexual assault based on the same transaction, but different manners of committing the offense were alleged. The trial court granted appellee's motion to dismiss the indictment based on appellee's argument that he had already been tried and acquitted of the same offense.

The Court of Appeals upheld the trial court's decision that double jeopardy barred the second prosecution. *State v. Vick*, No. 07–97–0155–CR, 1998 WL 5771 (Tex.App.—Amarillo, delivered January 9, 1998). This Court granted the State's petition for discretionary review to address that decision.

Appellee was tried and acquitted of aggravated sexual assault based on an indictment alleging that on or about June 25, 1994, he "cause[d] the penetration of the female sexual organ of [the child victim], by defendant's sexual organ." Appellee was then indicted for aggravated sexual assault based upon the same transaction as the previous indictment, but it was alleged, *inter alia*, that appellee (1) "cause[d] contact of the female sexual organ of [the child victim] by [appellee's] sexual organ," and (2) "caused[d] the female sexual organ of [the child victim] to contact the mouth of [appellee]." The trial court granted appellee's pre-trial motion to dismiss the indictment based on double jeopardy grounds because the second indictment charged the same offense for which appellee had been tried and acquitted.

## I. COURT OF APPEALS' DETERMINATION

The Court of Appeals began its discussion by stating that the Fifth Amendment to the United States Constitution and Article 1, § 14, of the Texas Constitution describe double jeopardy in terms of the same "offense" rather than the same "transaction." The court rejected reliance on *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) as the applicable test to determine whether appellee was prosecuted twice for the

same offense. According to the Court of Appeals, *Blockburger* was inapplicable because the instant case concerned one statutory offense, and the *Blockburger* test is used to evaluate whether the same act or transaction constitutes a violation of *two distinct statutory provisions.* Instead, the Court of Appeals relied on its own decision in a joinder case, *Sperling v. State,* 924 S.W.2d 722 (Tex.App.—Amarillo 1996, pet. ref'd). Based on *Sperling,* the court concluded that aggravated sexual assault is one offense, which contains several statutory alternative ways of committing the offense. *Vick,* slip op. at 5. The court determined that these alternative methods are not separate offenses but are merely different methods of commission of one offense, which may be alleged in one indictment and the State need not elect between methods. *Id.* The Court of Appeals disagreed with the opposite result reached in *David v. State,* 808 S.W.2d 239 (Tex. App.—Dallas, no pet.).

The State's Petition for Discretionary Review challenges the Court of Appeals' determination as it relates to the second count of the subsequent indictment. We find that the Court of Appeals erred in its rationale and conclusion as to that count.

## II. ANALYSIS

■ Whether appellee may be subjected to multiple prosecutions under Texas Penal Code § 22.021 requires a statutory analysis to determine whether the Legislature intended multiple prosecutions. This is unlike a situation involving different statutes, which, by itself, is some indication of legislative intent to authorize multiple prosecutions simply because the offenses are separately defined in different statutes. In the instant case, we must first discern legislative intent in order to ascertain whether appellee's alleged conduct violates two distinct statutory provisions within one statute. See *Vineyard v. State,* 958 S.W.2d 834, 837, 840 (Tex.Crim.App. 1998); *Watson v. State,* 900 S.W.2d 60, 63–67 (Tex.Crim.App.1995)(Clinton, J., con-

curring); *Iglehart v. State,* 837 S.W.2d 122, 127 (Tex.Crim.App.1992). "This preliminary determination is necessary because, although this Court is bound by decisions from the United States Supreme Court in interpreting the scope of the Double Jeopardy clause of the United States Constitution, the determination of what constitutes an 'offense' is largely a matter of state law." *Iglehart,* 837 S.W.2d at 127. This Court also noted that "[t]he Legislature has the power to establish and define crimes [and] few, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses." *Iglehart,* 837 S.W.2d at 127 (internal citations and quotation marks omitted).

Article 22.021 of the Penal Code as applicable in this case, provides:

(a) A person commits an offense:

(1) if the person:

(B) intentionally or knowingly:

(i) causes the penetration of the anus or female sexual organ of a child by any means;

(ii) causes the penetration of the mouth of a child by the sexual organ of the actor;

(iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; *or* [emphasis added]

(iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; and

* * *

(2) if:

(B) the victim is younger than 14 years of age.

Article 22.021 is a conduct-oriented offense in which the legislature criminalized very specific conduct of several different types. Also, the statute expressly and impliedly separates the sections by "or," which is some indication that any one of the proscribed conduct provisions constitutes an

offense. A more compelling demonstration of legislative intent is reflected in the specific conduct prohibited in the four sections applicable to this case. Section (i) prohibits penetration of a male or female child's anus or the sexual organ of a female child. The focus is on penetration of the child's genital area. Somewhat related is section (ii), which prohibits penetration of the child's mouth by the defendant's sexual organ. Both section (i) and section (ii) concern penetration of the child, one focusing on the genital area, and the other on the mouth. In contrast, sections (iii) and (iv) address penetration and contact of another in a sexual fashion, by the sexual organ or anus of the child. The statute criminalizes many types of sexually assaultive conduct with a child. Yet, each section usually entails different and separate acts to commit the various, prohibited conduct. This specificity reflects the legislature's intent to separately and distinctly criminalize any act which constitutes the proscribed conduct. An offense is complete when a person commits any one of the proscribed acts. In sum, Sec. 22.021 is a conduct-oriented statute; it uses the conjunctive "or" to distinguish and separate different conduct; and its various sections specifically define sexual conduct in ways that usually require different and distinct acts to commit. These considerations lead us to conclude that the Legislature intended that each separately described conduct constitutes a separate statutory offense.

■ In the instant case different conduct was charged in separate indictments as separate offenses. Appellee was initially charged with penetration of the child's female sexual organ by his sexual organ under section (i). The pertinent part of the second indictment alleged that appellee contacted the child's sexual organ with his mouth under section (iii). The penetration offense alleged in the first indictment clearly required a separate and distinct act (involving appellee's sexual organ with the child's female sexual organ) from the act alleged in the second indictment (which involved appellee's mouth with the child's sexual organ). In this case the second indictment alleged that appellee caused the child's sexual organ to contact his mouth. That conduct constituted a separate and distinct statutory offense from the alleged penetration of the child's sexual organ by appellee's sexual organ, despite the fact both are violations of a single statute. See *Cochran v. State,* 874 S.W.2d 769 (Tex. App.—Houston [1st Dist.] 1994, no pet.); *David,* 808 S.W.2d at 239.

■ Our determination that the two indictments alleged violations of separate and distinct statutory aggravated sexual assault offenses and that those alleged offenses involved separate and distinct acts ends the inquiry for double jeopardy purposes. The *Blockburger* test serves as a jeopardy bar only in prosecutions of multiple offenses arising from "the same act or transaction" under certain circumstances. 284 U.S. at 304, 52 S.Ct. 180. And, that test is simply a tool with which to evaluate whether the Legislature intended multiple punishments. *Missouri v. Hunter,* 459 U.S. 359, 366–368, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Here, we have already determined that the Legislature intended to punish separate acts, even though such acts might be in close temporal proximity; that is, the Legislature, through the language of the statute, has rejected grouping aggravated sexual assaults by "transaction." Because the offenses at issue involve separate acts, we need not determine whether those offenses would be considered the "same" under the *Blockburger* test because the precondition for employing the test (that the two offenses involve the same conduct) is absent.[1]

---

1. Were we to apply *Blockburger,* the result would be the same. The *Blockburger* test is whether each offense requires proof of an additional fact which the other does not.

*Blockburger,* 284 U.S. at 304, 52 S.Ct. 180. See *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)(reaffirming *Blockburger* test). When each offense re-

The Court of Appeals' erroneous reliance on joinder principles deserves mention. Under current law, the State may, in one indictment, allege alternative legal theories for one offense. *Hathorn v. State,* 848 S.W.2d 101 (Tex.Crim.App. 1992). If this is done, the State may obtain only one conviction based on that indictment. The State may also charge separate offenses in separate indictments, such as in the instant case. However, the State can also join separate offenses in one indictment, as long as the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code. Article 21.24, Texas Code of Criminal Procedure. In the context of a charge like aggravated sexual assault, which may encompass separate and different assaults within the same transaction, as in the instant case, an indictment containing alternative legal theories may present some question as to whether it charges separate offenses or merely alternative legal theories. Article 21.24 requires separate counts for separate offenses, which should be one method of delineating separate offenses from alternative legal theories. Because one transaction of aggravated sexual assault can result in the commission of separate statutory offenses, the Court of Appeals erred in its reasoning and reliance on *Sperling* in this case.

Appellee can be separately prosecuted for the two alleged offenses. Therefore, acquittal of the first charge does not prevent prosecution for the second charge. Accordingly, the judgments of the trial court and Court of Appeals are reversed as to the second count of the indictment and the case is remanded to the trial court.[2]

MEYERS, J., filed a concurring opinion in which MANSFIELD, and JOHNSON, JJ. joined.

MEYERS, J., delivered this concurring opinion, joined by MANFIELD and JOHNSON, J.J.

I write to further explain why application of a *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), analysis is not necessary here.[1] Once we have determined the legislature intended to provide for several separate and distinct statutory offenses within article 21.021 and we are not confronted with an allegation that these offenses are supported by the "same act," we need conduct no further analysis, despite the fact that these acts all occurred within the "same transaction."

The Supreme Court in *Blockburger* said its analysis should be applied "where the same act or transaction constitutes a viola-

quires proof of an element that the other does not, multiple prosecution is not barred. In this case each indictment requires proof of an element the other does not. The first indictment required the State to prove penetration of the child's female sexual organ by appellee's sexual organ (basically a genital to genital act); the second indictment required the State to prove appellee caused the female sexual organ to contact his mouth (mouth to genital act). Proof of genital to genital penetration is distinct from proof of genital to mouth contact because each requires proof of an element the other does not.

2. The State did not, in its petition, challenge the lower courts' rulings regarding the first count of the indictment (contact with the defendant's sexual organ), and we do not disturb their rulings relating to that count. Had we been required to address the issue, a per-

suasive argument could be made that jeopardy would indeed bar the first count because that count involved the same conduct subject to the earlier prosecution and contains an identity of elements under *Blockburger.* An allegation of "penetration" of the sexual organ overlap an allegation of "contact" of the sexual organ because penetration of the genitals necessarily includes contact. Cf. *Cunningham v. State,* 726 S.W.2d 151 (Tex.Crim. App.1987); *Day v. State,* 532 S.W.2d 302 (Tex.Crim.App.1976). That issue, however, is not before us.

1. The majority explains such analysis is not necessary "because the offenses at issue involve separate acts" and because "the precondition for employing the test (that the two offenses involve the same conduct) is absent." *Majority opinion* at 833.

tion of two distinct statutory provisions."[2] At first blush this case appears to fall within its purview—as one involving the "same ... transaction constitut[ing] a violation of two distinct statutory provisions." But our consideration here actually involves one transaction *comprised of* a violation of two distinct statutory provisions. This differs significantly from the "same transaction" scenario subject to *Blockburger*. *Blockburger* envisions the type of "transaction" *the whole of which* amounts to more than one offense. In other words, the transaction taken as a whole (the entire series of acts or course of action) amounts to multiple statutory violations. By contrast, the transaction in this case is comprised of *separate and distinct acts*, each of which violate distinct statutory provisions.[3]

With these comments, I concur.

2. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provisions requires proof of a fact which the other does not.
*Blockburger,* 284 U.S. at 304, 52 S.Ct. 180.

3. Of course, if it were alleged that any of the acts within the transaction were actually the same (were not separate and distinct) and were being utilized to support alleged violations of two distinct statutory provisions, a *Blockburger* analysis would be in order as to those acts.