Shawn Montgomery v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-287-CR

     SHAWN MONTGOMERY,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 27,758
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Shawn Montgomery was indicted for penetrating the mouth of a child, K.R., with his sexual
organ on April 10, 1999. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(ii) (Vernon Supp. 2002). A
jury acquitted him on July 26, 2000. During that trial, K.R., age six, testified that Montgomery
caused her sexual organ to come into contact with his mouth. On August 14, 2000, Montgomery
was indicted for causing K.R.’s sexual organ to come into contact with his mouth on April 10,
1999. Id. § 22.021(a)(1)(B)(iii) (Vernon Supp. 2002). A jury convicted him and assessed
punishment at sixty years in prison.
      On appeal, Montgomery complains that (1) his motion to change venue due to prejudice from
pretrial publicity should have been granted, and (2) because of the acquittal in the first trial, his
prosecution was barred by double jeopardy.



Change of Venue
      Montgomery filed a pre-trial motion to change venue, to which were attached affidavits of
Montgomery’s sister and former father-in-law stating that Montgomery could not get a fair trial
in the county. Tex. Const. art. III, § 45; Tex. Code Crim. Proc. Ann. art. 31.03 (Vernon
1989). The State filed controverting affidavits, and the trial court held a hearing.


 Tex. Code
Crim. Proc. Ann. art. 31.04 (Vernon 1989). Montgomery introduced a newspaper article from
the leading newspaper in the county that said he and two others escaped from the county jail and
had been apprehended; the article also said Montgomery was in jail at the time of the escape
because he was indicted for aggravated sexual assault on a six-year-old girl. Montgomery’s
former father-in-law testified that people in the county told him, after they read the article, that
they thought Montgomery was guilty. The State countered with a banker, an attorney, and an
insurance agent who testified they had not read the article or heard people in the county talk about
Montgomery’s case, and that they believed Montgomery could get a fair trial in the county. 
      If the accused raises “substantial doubts about obtaining an impartial jury” because of
“widespread inflammatory news coverage,” the constitutional right to a fair trial is implicated. 
Phillips v. State, 701 S.W.2d 875, 879 (Tex. Crim. App. 1985) (citing Bell v. State, 582 S.W.2d
800, 810-11 (Tex. Crim. App. 1979)). Voir dire is not always an effective safeguard: “Prejudice
is a sinister quality. It may possess a man and he not be aware of it; or, being aware of it, he may
purposely conceal it, in order that he may vent his revenge.” XXX v. State, 576 S.W.2d 66, 71
(Tex. Crim. App. 1978) (citing Faulkner v. State, 43 Tex. Cr. 311, 65 S.W. 1093 (1901)). We
review the trial court’s ruling for abuse of discretion, measured by whether the accused proved
“such prejudice in the community that the likelihood of obtaining a fair and impartial trial is
dubious.” Phillips, 701 S.W.2d at 879; Neumuller v. State, 953 S.W.2d 502, 507 (Tex. App.—El
Paso 1997, pet. ref’d). But publicity in the news alone will not support a change of venue. 
Willingham v. State, 897 S.W.2d 351, 357 (Tex. Crim. App. 1995); Phillips, 701 S.W.2d at 879
(citing Freeman v. State, 556 S.W.2d 287, 297 (Tex. Crim. App. 1977)). In addition, prospective
jurors are not required to be completely ignorant of the facts and issues. Id. Also, effective voir
dire, to screen against prospective jurors who might have been prejudiced by the news, weighs
against a finding of abuse of discretion. Id. at 880.
      We do not find Montgomery’s evidence—a single newspaper article and the testimony of a
former relative—persuasive that he could not empanel a fair jury. E.g., Salazar v. State, 38
S.W.3d 141, 150 (Tex. Crim. App. 2001). Also, during voir dire, prospective jurors who
expressed already-formed opinions about Montgomery’s guilt were successfully challenged for
cause. The trial court did not abuse its discretion in denying the motion. We overrule the
complaint.
Double Jeopardy
      The outcome of Montgomery’s complaint is determined by Vick v. State, 991 S.W.2d 830
(Tex. Crim. App. 1999). Vick was tried and acquitted of penetrating a child’s sexual organ with
his sexual organ. Id. at 831; Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i). But then he was
indicted again, this time for causing the child’s sexual organ to contact his mouth. Vick, 991
S.W.2d at 833; Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iii). The Court rejected Vick’s claim
of double jeopardy. It explained that the usual test for a violation of the United States and Texas
constitutional provisions about double jeopardy, the Blockburger test, did not apply. Blockburger
v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); U.S. Const. amend. V; Tex.
Const. art. I, § 14; Tex. Code Crim. Proc. Ann. arts. 1.10, 1.11 (Vernon 1977), 27.05, 28.13
(Vernon 1989). That test is used when two criminal statutes pertain to the same “act or
transaction.” Vick, 991 S.W.2d at 833. In that event, the test is whether each offense requires
proof of an element the other does not. Id. at 833 n.1. If so, then double jeopardy is not violated. 
But when, as here, a single criminal statute applies, the inquiry is whether the subparts of the
statute were intended by the Legislature to be separate statutory offenses, or only different means
of committing a single offense. Id. at 832. The Court concluded that the subparts of section
22.021 were intended to be separate offenses because they describe separate and distinct acts or
conduct. Id. at 833.
      Applying Vick, the second indictment alleged an offense different from the one alleged in the
first indictment. Therefore, double jeopardy was not violated. The complaint is overruled.
      Montgomery additionally argues that the first trial works a “collateral estoppel” on the
second. E.g., Dedrick v. State, 623 S.W.2d 332 (Tex. Crim. App. 1981). Specifically, he says
that K.R. testified in the first trial that Montgomery caused her sexual organ to come into contact
with his mouth, which is what he was indicted for the second time. Therefore, because he was
acquitted in the first trial, the issue of his conduct in the second trial had been determined. We
fail to understand Montgomery’s reasoning. He was undoubtedly acquitted in the first trial
because the evidence, K.R.’s testimony, was different from the conduct alleged in the indictment. 
However, the State reindicted him for the conduct K.R. testified about in the first trial. We find
no “collateral estoppel” issue.
Conclusion
      Having overruled Montgomery’s complaints, we affirm the judgment.


                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 1, 2002
Do not publish
[CRPM]