NO. 07-04-0527-CR 


NO. 07-04-0528-CR


NO. 07-04-0529-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 8, 2005


______________________________



LARRY BRENT KITCHENS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;



NO. 2249, 2250 & 2305; HON. GORDON GREEN, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant Larry Brent Kitchens appeals from three orders denying his applications
for writs of habeas corpus. Through those writs, he sought the dismissal of three
indictments through which he was charged with capital murder. According to appellant, the
trial court was obligated to so dismiss the causes since their prosecution was barred by
double jeopardy. We reverse in part and affirm in part.

Background


 The dispute involves the killing of three individuals, Vince Simnacher, Rhonda
Kitchens, and Derwin Beauchamp. The three were attending a party at Simnacher's abode
when appellant entered, leveled a firearm at Simnacher, and fired multiple shots. The
bullets struck not only Simnacher but also Kitchens and Beauchamp. All three died. 

 The State secured four indictments against appellant charging him with capital
murder. Via the first three, appellant was accused of that crime as defined in 
§19.03(a)(7)(A) of the Texas Penal Code. (1) That is, in Cause No. 2249, the indictment read
that appellant intentionally or knowingly caused the death of Rhonda while also intentionally
or knowingly causing the death of Beauchamp and Simnacher. However, through the
indictment in Cause No. 2250, the State alleged that he caused the death of Simnacher
while also killing Rhonda and Beauchamp, and, in Cause No. 2251, it alleged that he
murdered Beauchamp while also intentionally or knowingly causing the death of Rhonda
and Simnacher. Via the fourth indictment (which initiated Cause No. 2305), appellant was
accused of intentionally or knowingly killing Simnacher while committing or attempting to
commit burglary of Simnacher's residence. See Tex. Pen. Code Ann. § 19.03(a)(2)
(Vernon 2004-05) (stating that one commits capital murder if he murders another while,
among other things, committing or attempting to commit burglary). 

 It was Cause No. 2251 that the State first tried. Moreover, the trial ended in
appellant's acquittal. Having been acquitted of that offense, appellant then petitioned for
habeas corpus, contending that double jeopardy barred the State from prosecuting the
remaining indictments. The trial court disagreed and denied appellant relief. Thereafter,
he appealed the decisions of the trial court.

 Causes 2249 and 2250

 We first address the contention that double jeopardy barred prosecution of the
remaining indictments founded upon §19.03(a)(7)(A) of the Penal Code. We conclude that
it does and rely on the opinion in Saenz v. State, No. P.D. 61-01, 2005 Tex. Crim. App.
Lexis 980 (Tex. Crim. App. June 29, 2005, no pet. h.) to arrive at that decision. In Saenz,
the Court of Criminal Appeals held that the applicable unit of prosecution when 
§19.03(a)(7)(A) is involved consists of the victim's murder coupled with the murders of one
or more additional people during the same criminal transaction. Id. at 6. And, given that
the unit of prosecution was so comprised, the legislature intended that the accused be tried
under §19.03(a)(7)(A) only once for all the murders upon which the charge was based. Id.
at 10. In other words, an accused could only be tried once under §19.03(a)(7)(A) for
murdering the individuals named in the indictment. The decedents could not be rotated
from the class of primary victim to that of aggravated circumstance to increase the chance
of multiple convictions. To do so constituted double jeopardy. Saenz v. State, supra.

 Like the situation in Saenz, the prosecutor at bar also used three deaths to satisfy
the elements of §19.03(a)(7)(A). Those three deaths formed the allowable unit of
prosecution, as did the three in Saenz. So, to use them again in a second or third
indictment that also alleged capital murder under §19.03(a)(7)(A) but simply rotated the
classification of the same decedents from primary victim to aggravated circumstance would
run afoul of the double jeopardy clause. Saenz v. State, supra. Therefore, the trial court
erred in refusing to dismiss cause numbers 2249 and 2250 under the circumstances
presented to it. Morever, since the error continues to expose appellant to multiple
punishments for the same offense we cannot but say it was harmful.

 Cause 2305

 As mentioned above, Cause No. 2305 is founded upon §19.03(a)(2). The latter
permits a conviction for capital murder if the accused intentionally or knowingly caused the
death of someone while committing or attempting to commit burglary. Tex. Pen. Code Ann.
 §19.03(a)(2) (Vernon Supp. 2004-05). As can be seen, the elements or acts
encompassed under §19.03(a)(2) differ from those in §19.03(a)(7)(A). Admittedly, both
require proof of murder but §19.03(a)(2) obligates the State to also prove burglary or
attempted burglary while §19.03(a)(7)(A) obligates it to prove at least one more murder.
Thus, the allowable unit of prosecution reflected in the indictment numbered 2305 differs
from the unit of prosecution reflected in cause numbers 2249, 2250, and 2251. And,
because it does, the prosecution of appellant for capital murder founded upon §19.03(a)(2)
does not violate the double jeopardy clause even though Simnacher is named as the
murder victim in both instances. See Vick v. State, 991 S.W.2d 830, 832-33 (Tex. Crim.
App. 1999) (holding that double jeopardy does not arise where the accusation in the
second indictment requires proof of an act separate and distinct from the acts alleged in
the first). (2)

 Accordingly, we reverse the orders entered in cause numbers 2249 and 2250 and
render judgment dismissing those two causes. However, we affirm the order entered in
cause number 2305. 


 Brian Quinn

 Chief Justice



Publish.
1. Section 19.03(a)(7)(A) provides that a person commits capital murder if he commits murder and
murders more than one person during the same criminal transaction. Tex. Pen. Code Ann. §19.03(a)(7)(A)
(Vernon Supp. 2004-05).
2. Appellant also suggests that jeopardy attached upon his acquittal in Cause No. 2251 because the
jury must have found that he did not intend to murder Simnacher. And, if it so found, the determination then
would bar the relitigation of that issue in Cause No. 2305. Appellant's argument may have merit if it could be
said that the jury so found. Yet, that inference is far from certain given the record before us. As previously
mentioned, the indictment in Cause No. 2251 required proof of three murders to secure a conviction, one of
which was that of Rhonda. Yet, appellant testified that he did not intend to kill her. It may well be the jury
believed him, and, if it did, then it would have been obligated to acquit him of the offense as charged. Given
this scenario, double jeopardy would not prevent the State from prosecuting appellant, in Cause No. 2305,
for murdering Simnacher while committing or attempting to commit burglary.