NO. 07-04-0527-CR
NO. 07-04-0528-CR
NO. 07-04-0529-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 8, 2005
_____

LARRY BRENT KITCHENS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2249, 2250 & 2305; HON. GORDON GREEN, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant Larry Brent Kitchens appeals from three orders denying his applications

for writs of habeas corpus. Through those writs, he sought the dismissal of three

indictments through which he was charged with capital murder. According to appellant, the

trial court was obligated to so dismiss the causes since their prosecution was barred by

double jeopardy. We reverse in part and affirm in part.

### *Background*

The dispute involves the killing of three individuals, Vince Simnacher, Rhonda Kitchens, and Derwin Beauchamp. The three were attending a party at Simnacher's abode when appellant entered, leveled a firearm at Simnacher, and fired multiple shots. The bullets struck not only Simnacher but also Kitchens and Beauchamp. All three died.

The State secured four indictments against appellant charging him with capital murder. Via the first three, appellant was accused of that crime as defined in §19.03(a)(7)(A) of the Texas Penal Code.[1] That is, in Cause No. 2249, the indictment read that appellant intentionally or knowingly caused the death of Rhonda while also intentionally or knowingly causing the death of Beauchamp and Simnacher. However, through the indictment in Cause No. 2250, the State alleged that he caused the death of Simnacher while also killing Rhonda and Beauchamp, and, in Cause No. 2251, it alleged that he murdered Beauchamp while also intentionally or knowingly causing the death of Rhonda and Simnacher. Via the fourth indictment (which initiated Cause No. 2305), appellant was accused of intentionally or knowingly killing Simnacher while committing or attempting to commit burglary of Simnacher's residence. *See* TEX. PEN. CODE ANN. § 19.03(a)(2) (Vernon 2004-05) (stating that one commits capital murder if he murders another while, among other things, committing or attempting to commit burglary).

It was Cause No. 2251 that the State first tried. Moreover, the trial ended in appellant's acquittal. Having been acquitted of that offense, appellant then petitioned for

---

[1]Section 19.03(a)(7)(A) provides that a person commits capital murder if he commits murder and murders more than one person during the same criminal transaction. TEX. PEN. CODE ANN. §19.03(a)(7)(A) (Vernon Supp. 2004-05).

habeas corpus, contending that double jeopardy barred the State from prosecuting the remaining indictments. The trial court disagreed and denied appellant relief. Thereafter, he appealed the decisions of the trial court.

*Causes 2249 and 2250*

We first address the contention that double jeopardy barred prosecution of the remaining indictments founded upon §19.03(a)(7)(A) of the Penal Code. We conclude that it does and rely on the opinion in *Saenz v. State*, No. P.D. 61-01, 2005 Tex. Crim. App. LEXIS 980 (Tex. Crim. App. June 29, 2005, no pet. h.) to arrive at that decision. In *Saenz*, the Court of Criminal Appeals held that the applicable unit of prosecution when §19.03(a)(7)(A) is involved consists of the victim's murder coupled with the murders of one or more additional people during the same criminal transaction. *Id.* at 6. And, given that the unit of prosecution was so comprised, the legislature intended that the accused be tried under §19.03(a)(7)(A) only once for all the murders upon which the charge was based. *Id.* at 10. In other words, an accused could only be tried once under §19.03(a)(7)(A) for murdering the individuals named in the indictment. The decedents could not be rotated from the class of primary victim to that of aggravated circumstance to increase the chance of multiple convictions. To do so constituted double jeopardy. *Saenz v. State*, *supra*.

Like the situation in *Saenz*, the prosecutor at bar also used three deaths to satisfy the elements of §19.03(a)(7)(A). Those three deaths formed the allowable unit of prosecution, as did the three in *Saenz*. So, to use them again in a second or third indictment that also alleged capital murder under §19.03(a)(7)(A) but simply rotated the classification of the same decedents from primary victim to aggravated circumstance would run afoul of the double jeopardy clause. *Saenz v. State, supra*. Therefore, the trial court

3

erred in refusing to dismiss cause numbers 2249 and 2250 under the circumstances presented to it. Morever, since the error continues to expose appellant to multiple punishments for the same offense we cannot but say it was harmful.

*Cause 2305*

As mentioned above, Cause No. 2305 is founded upon §19.03(a)(2). The latter permits a conviction for capital murder if the accused intentionally or knowingly caused the death of someone while committing or attempting to commit burglary. TEX. PEN. CODE ANN. §19.03(a)(2) (Vernon Supp. 2004-05). As can be seen, the elements or acts encompassed under §19.03(a)(2) differ from those in §19.03(a)(7)(A). Admittedly, both require proof of murder but §19.03(a)(2) obligates the State to also prove burglary or attempted burglary while §19.03(a)(7)(A) obligates it to prove at least one more murder. Thus, the allowable unit of prosecution reflected in the indictment numbered 2305 differs from the unit of prosecution reflected in cause numbers 2249, 2250, and 2251. And, because it does, the prosecution of appellant for capital murder founded upon §19.03(a)(2) does not violate the double jeopardy clause even though Simnacher is named as the murder victim in both instances. *See Vick v. State*, 991 S.W.2d 830, 832-33 (Tex. Crim. App. 1999) (holding that double jeopardy does not arise where the accusation in the second indictment requires proof of an act separate and distinct from the acts alleged in the first).[2]

---

[2]Appellant also suggests that jeopardy attached upon his acquittal in Cause No. 2251 because the jury must have found that he did not intend to murder Simnacher. And, if it so found, the determination then would bar the relitigation of that issue in Cause No. 2305. Appellant's argument may have merit if it could be said that the jury so found. Yet, that inference is far from certain given the record before us. As previously mentioned, the indictment in Cause No. 2251 required proof of three murders to secure a conviction, one of which was that of Rhonda. Yet, appellant testified that he did not intend to kill her. It may well be the jury believed him, and, if it did, then it would have been obligated to acquit him of the offense as charged. Given

4

Accordingly, we reverse the orders entered in cause numbers 2249 and 2250 and render judgment dismissing those two causes.  However, we affirm the order entered in cause number 2305.

Brian Quinn
Chief Justice

Publish.

this scenario, double jeopardy would not prevent the State from prosecuting appellant, in Cause No. 2305, for murdering Simnacher while committing or attempting to commit burglary.

5