NO.
12-04-00304-CR

 

                     IN THE COURT
OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

JESSE
WARREN CARROLL,                      '                 APPEAL
FROM THE 8TH

APPELLANT

 

V.                                                                         '                 JUDICIAL  DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                       '                 RAINS
COUNTY, TEXAS

                                                                                                                                                            


                                                      MEMORANDUM
OPINION

Jesse
Warren Carroll was convicted by a jury of three counts of aggravated sexual
assault of a child.  The jury sentenced
him to ninety-nine years of imprisonment and assessed a $10,000 fine for each
of the three counts.  We affirm.

 

Background








Twenty-three
year old Appellant and his fifteen year old cousin, James, met two thirteen
year old girls, J.N.W. and B.N., who were cousins.  The girls went with Appellant and James to
James=s trailer
house.  After drinking some liquid that
smelled of alcohol, James went to a bedroom with B.N. and had sexual relations
with her.  After kissing J.N.W. for a
while, Appellant removed J.N.W.=s
pants and underwear and had sexual relations with her, penetrating her sexual
organ with his finger and his penis and also penetrating her anus with his
finger.  Appellant=s
Afiancé@
arrived and beat on the door of the trailer until James opened the door.
Appellant=s fiancé
started yelling at Appellant, at which time the two girls left the
trailer.  The girls were picked up
shortly thereafter by their aunt and grandmother, who, after hearing what had
happened, called the police and took J.N.W. to the hospital for a medical
examination.  Appellant was subsequently
charged by indictment with four counts of aggravated sexual assault of a child.

At
trial, J.N.W. testified about the facts of the aggravated sexual assault.  James testified that he saw Appellant on top
of J.N.W. with her pants off and that Appellant told him he had sex with J.N.W.  Appellant=s
fiancé  testified Appellant admitted to
her that he had penetrated J.N.W. with his finger.  A nurse testified about J.N.W. being examined
to determine whether she had been sexually assaulted.  The medical report indicated there was
penetration of J.N.W.=s
sexual organ and anus.

Appellant
testified that he kissed J.N.W., but did not remove her clothing or penetrate
her with either his finger or his penis. 
However, he admitted he attempted to achieve an erection. Appellant also
identified his penitentiary packages containing documentation of his prior
convictions, including two burglary of a habitation convictions and one
burglary of a building conviction for which he was sentenced to a total of
three years of imprisonment and a possession of marijuana conviction for which
he was confined in the county jail.

The
jury convicted Appellant of three of the four counts.  The jury sentenced Appellant to imprisonment
for ninety-nine years and a $10,000 fine on each count.  The State moved to have the sentences for
counts one and three served consecutively. 
The court imposed the sentence assessed by the jury, but ordered the
sentences for counts one and three to be served consecutively.  This appeal followed.

 

Multiple Convictions

Appellant
contends in his first issue that the trial court erred in rendering a judgment
and sentence on each of the three counts because only one offense was
committed.  Appellant contends that the
alleged offenses all occurred at the same time, arose from the same
transaction, and required the same common facts for their completion.  Therefore, he argues, he should have been
convicted of only one offense.  

Applicable
Law








Appellant
was charged with four counts of aggravated sexual assault of a child.  See Tex.
Pen. Code Ann. '
22.021(a)(1)(B), (2)(B) (Vernon Supp. 2005). 
A person commits aggravated sexual assault of a child 

 

            (1) if the person:

                        (B)
intentionally or knowingly:       (i)       causes
the penetration of the anus or sexual organ of a child by any means;

                          (ii)       causes
the penetration of the mouth of a child by the sexual organ of the actor;

                          (iii)      causes
the sexual organ of a child to contact or penetrate the mouth, anus, or sexual
organ of another person, including the actor;

                          (iv)      causes
the anus of a child to contact the mouth, anus, or sexual organ of another
person, including the actor; or

                         
(v)      causes the mouth of a
child to contact the anus or sexual organ of another person, including the
actor; and

(2) if:

(B) the victim is younger than 14
years of age. . . .

 

 

Id.

In Vick v. State, 991 S.W.2d 830 (Tex.
Crim. App. 1999), the defendant was first acquitted of aggravated sexual
assault of a child where the indictment alleged he Acause[d] the penetration of the female sexual organ
of [the child victim], by defendant=s sexual organ.@  He was then
reindicted for aggravated sexual assault on the same child in the same criminal
episode.  In the second indictment, the
State alleged he Acause[d] contact of the female sexual organ of [the
child victim] by [appellee=s] sexual organ@ and Acause[d] the female sexual organ of [the child
victim] to contact the mouth of [appellee].@  Id. at 831.  The defendant filed a motion to dismiss
contending that he had been acquitted of the offense alleged in the second
indictment.  The trial court agreed and
granted the motion to dismiss.  The court
of appeals upheld the trial court=s decision that double jeopardy barred the second
prosecution.  However, the court of
criminal appeals reversed and remanded the case to the trial court.[1]








In its analysis, the court noted that it is bound
by decisions from the United States Supreme Court in interpreting the scope of
the Double Jeopardy Clause of the United States Constitution, but that the
determination of what constitutes an Aoffense@ is largely a matter of state law.  Id. at 832.  The court also stated that few, if any,
limitations are imposed by the Double Jeopardy Clause on the legislative power
to define offenses.  Id.  The court
then analyzed the statute and determined that the legislature intended to
permit multiple prosecutions under section 22.021 of the Penal Code.  Id.
at 833.  The court reasoned that section
22.021

 

is a conduct-oriented offense in
which the legislature criminalized very specific conduct of several different
types.  Also, the statute expressly and
impliedly separates the sections by "or," which is some indication
that any one of the proscribed conduct provisions constitutes an offense.  The
statute criminalizes many types of sexually assaultive conduct with a child.
Yet, each section usually entails different and separate acts to commit the
various, prohibited conduct. This specificity reflects the legislature's intent
to separately and distinctly criminalize any act which constitutes the
proscribed conduct. An offense is complete when a person commits any one of the
proscribed acts.

 

 

Id. 
832-33.  Where the
legislature has met after a particular statute has been judicially construed,
but did not change the statute, the courts presume the legislature intends the
same construction to continue to be applied to that statute.  See Pettigrew v. State, 48
S.W.3d 769, 772 n.20 (Tex. Crim. App. 2001).

Analysis

Count
One of the indictment alleged that Appellant Adid
then and there intentionally or knowingly cause the penetration of the female
sexual organ of [the child] . . . by the defendant=s
sexual organ.@   Count Three alleged that Appellant Adid then and there intentionally or
knowingly cause the penetration of the female sexual organ of [the child] . . .
by the defendant=s finger.@ 
Count Four alleged that Appellant Adid
then and there intentionally or knowingly cause the penetration of the anus of
[the child] . . . by the defendant=s
finger.@  

Applying
the court=s holding
in Vick, we conclude that each of these counts describes a
distinct offense. The jury heard the evidence and found Appellant guilty of all
three counts. Although the three convictions were for crimes committed against
the same victim during a single criminal episode, section 22.021 authorizes
such individual convictions.  We hold
that the trial court did not err in rendering judgments and pronouncing
sentences on three separate offenses. 
Appellant=s first
issue is overruled.

 

 








Violation of Eighth Amendment by Cumulation

In
his second issue, Appellant contends the trial court violated the Eighth
Amendment to the  United States
Constitution by granting the State=s
motion to cumulate counts one and three. Appellant acknowledges that cumulation
alone does not constitute cruel and unusual punishment.  However, he argues that, in the present case,
the sentence imposed through cumulation of the two sentences Ais grossly disproportionate to the
offense for which [he] was convicted and, thus, violates the >expansive=
language= of the
Eighth Amendment.@

Applicable
Law

We
initially note that in his argument, Appellant cites only to Roper v.
Simmons, 543 U.S. 551, 560-61, 125 S. Ct. 1183, 1190, 161 L. Ed. 2d 1
(2005), a United States Supreme Court case which barred the execution of a
person who was seventeen years of age at the time the crime was committed.  Appellant refers to the Court=s description of the Eighth Amendment=s prohibition of Acruel and unusual punishment@ as Aexpansive
language.@  Roper, 543 U.S. at 560, 125 S.
Ct. at 1190. However, Appellant does not explain how or why his sentence
violated the Aexpansive
language@ of the Eighth Amendment.  Where an appellant makes no argument and
cites no authority to support his proposition, we will decline to make his
arguments for him.  See Tex. R. App. P. 38.1(h); Wyatt v.
State, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000).  By failing to make any argument or cite any
authority supporting his assertion that his sentence constitutes cruel and
unusual punishment, Appellant has waived this issue.  See Tex.
R. App. P. 38.1(h).








Even
if the issue had not been waived, however, the result would not change.  When the accused is found guilty of more than
one offense arising out of the same criminal episode prosecuted in a single
criminal action, the sentences may run consecutively or concurrently if each
sentence is for a conviction of certain enumerated offenses. Tex. Pen. Code Ann. ' 3.03(a) (Vernon Supp. 2005).  Appellant was convicted of three counts of
aggravated sexual assault.  In the jury=s view, each of these first degree
felony convictions merited a ninety-nine year sentence.  Consecutive sentences are expressly allowed
for aggravated sexual assault of a child. 
Id. ' 3.03(b)(2)(A).  As Appellant admits, the cumulation of
sentences does not constitute cruel and unusual punishment under the Eighth
Amendment.  Dixon v. State,
No. 06-03-00200-CR, 2004 WL 1301224, at *1 (Tex. App.BTexarkana
June 14, 2004, pet. ref=d)
(mem. op.) (not designated for publication). 
We see nothing in the record that would cause us to conclude that the
cumulation of two of Appellant=s
three ninety-nine year sentences resulted in an unconstitutionally
disproportionate punishment.  Appellant=s second issue is overruled.

 

Conclusion

Having overruled Appellant=s issues one and two, we affirm the
judgment of the trial court.

 

 

  
 SAM GRIFFITH   

  
Justice

 

 

Opinion
delivered March 31, 2006.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                             (DO
NOT PUBLISH)











[1]
The second indictment included two counts, but
the State did not challenge the trial court=s
dismissal of the first count.