NO









  NO.   12-04-00304-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JESSE
WARREN CARROLL,         §                      APPEAL FROM THE 8TH

APPELLANT

 

V.                                                        §                      JUDICIAL  DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                       §                      RAINS COUNTY, TEXAS

                                                                                                                                                            


MEMORANDUM
OPINION

            Jesse
Warren Carroll was convicted by a jury of three counts of aggravated sexual
assault of a child.  The jury sentenced
him to ninety-nine years of imprisonment and assessed a $10,000 fine for each
of the three counts.  We affirm.

 

Background








            Twenty-three year old Appellant and
his fifteen year old cousin, James, met two thirteen year old girls, J.N.W. and
B.N., who were cousins.  The girls went
with Appellant and James to James’s trailer house.  After drinking some liquid that smelled of
alcohol, James went to a bedroom with B.N. and had sexual relations with
her.  After kissing J.N.W. for a while,
Appellant removed J.N.W.’s pants and underwear and had sexual relations with
her, penetrating her sexual organ with his finger and his penis and also
penetrating her anus with his finger. 
Appellant’s “fiancé” arrived and beat on the door of the trailer until
James opened the door. Appellant’s fiancé started yelling at Appellant, at
which time the two girls left the trailer. 
The girls were picked up shortly thereafter by their aunt and
grandmother, who, after hearing what had happened, called the police and took
J.N.W. to the hospital for a medical examination.  Appellant was subsequently charged by
indictment with four counts of aggravated sexual assault of a child.

            At trial, J.N.W. testified about the
facts of the aggravated sexual assault. 
James testified that he saw Appellant on top of J.N.W. with her pants
off and that Appellant told him he had sex with J.N.W.  Appellant’s fiancé  testified Appellant admitted to her that he
had penetrated J.N.W. with his finger.  A
nurse testified about J.N.W. being examined to determine whether she had been
sexually assaulted.  The medical report
indicated there was penetration of J.N.W.’s sexual organ and anus.

            Appellant testified that he kissed
J.N.W., but did not remove her clothing or penetrate her with either his finger
or his penis.  However, he admitted he
attempted to achieve an erection. Appellant also identified his penitentiary
packages containing documentation of his prior convictions, including two
burglary of a habitation convictions and one burglary of a building conviction
for which he was sentenced to a total of three years of imprisonment and a
possession of marijuana conviction for which he was confined in the county
jail.

            The jury convicted Appellant of
three of the four counts.  The jury sentenced
Appellant to imprisonment for ninety-nine years and a $10,000 fine on each
count.  The State moved to have the
sentences for counts one and three served consecutively.  The court imposed the sentence assessed by
the jury, but ordered the sentences for counts one and three to be served
consecutively.  This appeal followed.

 

Multiple Convictions

            Appellant contends in his first
issue that the trial court erred in rendering a judgment and sentence on each
of the three counts because only one offense was committed.  Appellant contends that the alleged offenses
all occurred at the same time, arose from the same transaction, and required
the same common facts for their completion. 
Therefore, he argues, he should have been convicted of only one
offense.  

Applicable
Law








            Appellant was charged with four
counts of aggravated sexual assault of a child. 
See Tex. Pen. Code Ann. §
22.021(a)(1)(B), (2)(B) (Vernon Supp. 2005). 
A person commits aggravated sexual assault of a child 

 

            (1) if the person:

(B)          intentionallyorknowingly:

                  (i)          causes
the penetration of the anus or sexual organ of a child by any means;

 
(ii)         causes the penetration
of the mouth of a child by the sexual organ of the actor;

 
(iii)        causes the sexual
organ of a child to contact or penetrate the mouth, anus, or sexual organ of
another person, including the actor;

 
(iv)        causes the anus of a
child to contact the mouth, anus, or sexual organ of another person, including
the actor; or

  (v)         causes the mouth of a child to contact
the anus or sexual organ of another person, including the actor; and

                (2) if:

                                (B)
the victim is younger than 14 years of age. . . .

 

 

Id.

            In Vick v. State, 991
S.W.2d 830 (Tex. Crim. App. 1999), the defendant was first acquitted of
aggravated sexual assault of a child where the indictment alleged he “cause[d]
the penetration of the female sexual organ of [the child victim], by
defendant’s sexual organ.”  He was then
reindicted for aggravated sexual assault on the same child in the same criminal
episode.  In the second indictment, the
State alleged he “cause[d] contact of the female sexual organ of [the child
victim] by [appellee’s] sexual organ” and “cause[d] the female sexual organ of
[the child victim] to contact the mouth of [appellee].”  Id. at 831.  The defendant filed a motion to dismiss
contending that he had been acquitted of the offense alleged in the second
indictment.  The trial court agreed and
granted the motion to dismiss.  The court
of appeals upheld the trial court’s decision that double jeopardy barred the
second prosecution.  However, the court
of criminal appeals reversed and remanded the case to the trial court.[1]

            In its analysis, the court noted
that it is bound by decisions from the United States Supreme Court in
interpreting the scope of the Double Jeopardy Clause of the United States
Constitution, but that the determination of what constitutes an “offense” is
largely a matter of state law.  Id.
at 832.  The court also stated that few,
if any, limitations are imposed by the Double Jeopardy Clause on the
legislative power to define offenses. 
Id.  The court then
analyzed the statute and determined that the legislature intended to permit
multiple prosecutions under section 22.021 of the Penal Code.  Id. at 833.  The court reasoned that section 22.021

 

is a conduct-oriented offense in which the legislature
criminalized very specific conduct of several different types.  Also, the statute expressly and impliedly
separates the sections by "or," which is some indication that any one
of the proscribed conduct provisions constitutes an offense.  The statute criminalizes many types of
sexually assaultive conduct with a child. Yet, each section usually entails
different and separate acts to commit the various, prohibited conduct. This
specificity reflects the legislature's intent to separately and distinctly
criminalize any act which constitutes the proscribed conduct. An offense is
complete when a person commits any one of the proscribed acts.

 

 

Id. 
832-33.  Where the
legislature has met after a particular statute has been judicially construed,
but did not change the statute, the courts presume the legislature intends the
same construction to continue to be applied to that statute.  See Pettigrew v. State, 48
S.W.3d 769, 772 n.20 (Tex. Crim. App. 2001).

Analysis

            Count One of the indictment alleged
that Appellant “did then and there intentionally or knowingly cause the
penetration of the female sexual organ of [the child] . . . by the defendant’s
sexual organ.”   Count Three alleged that
Appellant “did then and there intentionally or knowingly cause the penetration
of the female sexual organ of [the child] . . . by the defendant’s finger.”  Count Four alleged that Appellant “did then
and there intentionally or knowingly cause the penetration of the anus of [the
child] . . . by the defendant’s finger.” 


            Applying the court’s holding in Vick,
we conclude that each of these counts describes a distinct offense. The jury
heard the evidence and found Appellant guilty of all three counts. Although the
three convictions were for crimes committed against the same victim during a
single criminal episode, section 22.021 authorizes such individual
convictions.  We hold that the trial
court did not err in rendering judgments and pronouncing sentences on three
separate offenses.  Appellant’s first
issue is overruled.

 

 

Violation of Eighth Amendment by Cumulation

            In his second issue, Appellant
contends the trial court violated the Eighth Amendment to the  United States Constitution by granting the
State’s motion to cumulate counts one and three. Appellant acknowledges that
cumulation alone does not constitute cruel and unusual punishment.  However, he argues that, in the present case,
the sentence imposed through cumulation of the two sentences “is grossly
disproportionate to the offense for which [he] was convicted and, thus,
violates the ‘expansive’ language’ of the Eighth Amendment.”

Applicable
Law

            We initially note that in his
argument, Appellant cites only to Roper v. Simmons, 543 U.S. 551,
560-61, 125 S. Ct. 1183, 1190, 161 L. Ed. 2d 1 (2005), a United States Supreme
Court case which barred the execution of a person who was seventeen years of
age at the time the crime was committed. 
Appellant refers to the Court’s description of the Eighth Amendment’s
prohibition of “cruel and unusual punishment” as “expansive language.”  Roper, 543 U.S. at 560, 125 S.
Ct. at 1190. However, Appellant does not explain how or why his sentence
violated the “expansive language” of the Eighth Amendment.  Where an appellant makes no argument and
cites no authority to support his proposition, we will decline to make his
arguments for him.  See Tex. R. App. P. 38.1(h); Wyatt v.
State, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000).  By failing to make any argument or cite any
authority supporting his assertion that his sentence constitutes cruel and
unusual punishment, Appellant has waived this issue.  See Tex.
R. App. P. 38.1(h).








            Even if the issue had not been waived,
however, the result would not change. 
When the accused is found guilty of more than one offense arising out of
the same criminal episode prosecuted in a single criminal action, the sentences
may run consecutively or concurrently if each sentence is for a conviction of
certain enumerated offenses. Tex. Pen.
Code Ann. § 3.03(a) (Vernon Supp. 2005).  Appellant was convicted of three counts of
aggravated sexual assault.  In the jury’s
view, each of these first degree felony convictions merited a ninety-nine year
sentence.  Consecutive sentences are
expressly allowed for aggravated sexual assault of a child.  Id. § 3.03(b)(2)(A).  As Appellant admits, the cumulation of
sentences does not constitute cruel and unusual punishment under the Eighth
Amendment.  Dixon v. State,
No. 06-03-00200-CR, 2004 WL 1301224, at *1 (Tex. App.–Texarkana June 14, 2004,
pet. ref’d) (mem. op.) (not designated for publication).  We see nothing in the record that would cause
us to conclude that the cumulation of two of Appellant’s three ninety-nine year
sentences resulted in an unconstitutionally disproportionate punishment.  Appellant’s second issue is overruled.

 

Conclusion

            Having overruled Appellant’s issues
one and two, we affirm the judgment of the trial court.

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered March 31, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The second indictment included two counts, but the State did not
challenge the trial court’s dismissal of the first count.