Opinion filed May 1, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 1, 2008

 

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                       Nos. 11-06-00304-CR & 11-06-00305-CR

                                                      ________

 

                               BENNEDETHA BUCKJUNE, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 217th District Court

                                                        Angelina
County, Texas

                                         Trial
Court Cause Nos. 25,696 & 25,726

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Bennedetha Buckjune of six counts of aggravated assault, one
count of injury to a child, four counts of aggravated sexual assault of a
child, and two counts of sexual assault of a child.  The trial court assessed
punishment at seventy-five years confinement on the injury to a child
conviction and on each of the aggravated sexual assault convictions and at
twenty years confinement on each of the aggravated assault convictions and on
each of the sexual assault convictions.  The trial court ordered that the
sentences run concurrently.  We affirm.








                                                                    Background

In
Cause No. 25,696,[1] appellant was
indicted for six counts of aggravated assault (Counts I, II, III, VII, VIII,
and IX) and three counts of injury to a child (Counts IV, V, and VI).  In Cause
No. 25,726,[2] appellant was
indicted for four counts of aggravated sexual assault of a child (Counts I, II,
V, and VI) and two counts of sexual assault of a child (Counts III and IV).  In
Cause No. 25,696, the victims of the offenses were appellant=s two stepdaughters.  The
indictment in Cause No. 25,696 referred to appellant=s stepdaughters by their real names. 
Appellant=s two
stepdaughters were also victims of four of the sexual assault offenses (Counts
I through IV) in Cause No. 25,726.  The indictment in Cause No. 25,726
identified appellant=s
stepdaughters as Jane Doe and Jane Doe II.  Appellant=s daughter was a victim of two of the sexual
assault offenses (Counts V and VI) in Cause No. 25,726.  The indictment in
Cause No. 25,726 referred to appellant=s
daughter as Jane Doe III. In this opinion, we will refer to the victims as Jane
Doe, Jane Doe II, and Jane Doe III.  

Cause
No. 25,696 and Cause No. 25,726 were tried together.  At the time of trial,
Jane Doe was fourteen years old, Jane Doe II was fifteen years old, and Jane
Doe III was eleven years old.  After the evidence was concluded, the State
dismissed Counts IV and V of the indictment in Cause No. 25,696.  The jury
found appellant guilty of the seven remaining counts in Cause No. 25,696 and
all six counts in Cause No. 25,726.

                                                                 Issues
on Appeal

Appellant
does not challenge the sufficiency of the evidence to support her conviction.
Appellant presents two issues for review.  In her first issue, appellant
complains of jury charge error.  Specifically, she contends that the trial
court erred in charging Counts I and II in Cause No. 25,726 as separate
offenses because those counts alleged the same offense for double jeopardy
purposes.  Appellant further contends that, as a result of the charge error,
the jury convicted her twice for the same offense.  In her second issue,
appellant contends that she received ineffective assistance of counsel at
trial.    








                                                           Double
Jeopardy Claim

Appellant
argues that she was convicted twice for the same offense in violation of the
prohibition against double jeopardy.  Counts I and II of the indictment in
Cause No. 25,726 charged appellant with aggravated sexual assault of Jane Doe. 
The indictment alleged in Count I that appellant, on or about March 11, 2005, Adid then and there
intentionally or knowingly cause the mouth of Jane Doe (pseudonym), a child who
was then and there younger than 14 years of age and not the spouse of
[appellant], to contact the sexual organ of [appellant].@  The indictment alleged in Count II that
appellant engaged in the same type of conduct with Jane Doe on or about May 14,
2005.   The indictment alleged in Count VI that appellant, on or about May 5,
2005, Adid then and
there intentionally or knowingly cause the mouth of Jane Doe III (pseudonym), a
child younger than 14 years of age and not the spouse of [appellant], to
contact the sexual organ of [appellant].@

To
support her double jeopardy argument, appellant cites the testimony of Jane Doe
III.  Jane Doe III=s
testimony was sufficient to establish that appellant engaged in the conduct
described in Count VI on one occasion.  Jane Doe III testified that appellant
made her lick appellant=s
private part.  Jane Doe III said that appellant made her engage in this conduct
once, twice, or three times.  Because Jane Doe III=s testimony did not establish that appellant
made her engage in this conduct more than once, appellant asserts that the
trial court erred in instructing the jury on Counts I and II.  However, Jane
Doe was the victim of the offenses alleged in Counts I and II.  Jane Doe=s testimony was sufficient
to establish that appellant engaged in the conduct described in Counts I and II
on multiple occasions.  Specifically, Jane Doe testified that appellant made
her touch appellant=s Aprivate@ with her mouth.  Jane Doe
also testified that appellant required her to perform oral sex on appellant
about once a week.








The
State proved that appellant sexually assaulted Jane Doe on multiple occasions
as alleged in Counts I and II of the indictment.  A person who commits multiple
discrete sexual assaults against the same victim may be convicted and punished for
each separate act.  Vick v. State, 991 S.W.2d 830, 833 (Tex. Crim. App.
1999); Vernon v. State, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992); Barnes v.
State, 165 S.W.3d 75 (Tex. App.CAustin
2005, no pet.).  Therefore, appellant could have been convicted and punished
for each separate act of sexual assault that she committed against Jane Doe. 
Appellant=s conviction
in Counts I and II did not violate the prohibition against double jeopardy.  We
overrule appellant=s
first issue.

                                                          Effectiveness
of Counsel

Appellant
contends that she was denied effective assistance of counsel at trial for two
reasons:  (1) her trial counsel failed to request a severance of the offenses
and (2) her trial counsel failed to object to the substance and/or form of the
indictments.  In order for appellant to establish that she did not receive
effective assistance of counsel at trial, she must show that her counsel=s performance was deficient
because it fell below the objective standard of professional norms.  Wiggins
v. Smith, 539 U.S. 510, 521 (2003); Strickland v. Washington, 466
U.S. 668, 690 (1984); Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim.
App. 2005); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
In addition, she must show that this deficient performance prejudiced her
defense.  Wiggins, 539 U.S. at 521; Strickland, 466 U.S. at 692; Andrews,
159 S.W.3d at 101; Bone, 77 S.W.3d at 833.  Our review of defense
counsel=s
representation is highly deferential and presumes that counsel=s actions fell within the
wide range of reasonable and professional assistance; and appellant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.  Bone, 77 S.W.3d at 833; Stafford
v. State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).  Rarely will the
trial record contain sufficient information to permit a reviewing court to
fairly evaluate the merits of such a serious allegation.  Bone, 77
S.W.3d at 833.  In a majority of cases, the record on direct appeal is simply
undeveloped and cannot adequately reflect the failings of trial counsel.  Id.








The
record is silent as to why appellant=s
trial counsel did not request a severance of the offenses or object to the indictments. 
Appellant=s trial
counsel may have elected not to request a severance of the offenses as part of
a sound trial strategy.  For example, appellant=s
trial counsel may have believed that, had the offenses been severed, the trial
court would have stacked appellant=s
sentences on the offenses.  See Tex.
Penal Code Ann. '
3.04(b) (Vernon Supp. 2007).  Thus, appellant=s
trial counsel=s
decision not to request a severance may have been based on the reasonable trial
strategy of attempting to avoid a stacking of appellant=s sentences.  There is nothing in the record
to show that appellant=s
trial counsel=s
decisions not to request a severance and not to object to the indictments were
anything other than sound trial strategy.  Appellant has failed to overcome the
presumption that her trial counsel=s
conduct was reasonable and professional.  Bone, 77 S.W.3d at 833. 
Additionally, the record does not demonstrate that appellant=s trial counsel=s failure to request a
severance or object to the indictments prejudiced appellant=s defense.  We overrule
appellant=s second
issue.

                                                               This
Court=s Ruling

We
affirm the judgments of the trial court.  

 

 

TERRY McCALL

JUSTICE 

 

May 1, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]11-06-00304-CR.





[2]11-06-00305-CR.