NO. 07-08-0285-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 24, 2009

_____

JIMMY DALE HOLLON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 213TH CRIMINAL DISTRICT COURT OF TARRANT COUNTY;

NO. 1102864R; HONORABLE LOUIS STURNS, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jimmy Dale Hollon, was convicted by jury verdict of aggravated sexual

assault of a child and indecency with a child by contact.  The jury assessed punishment

for each offense respectively at seven years confinement and ten years community

supervision.  Appellant appeals his conviction for aggravated sexual assault of a child and

asserts a single point of error that the jury charge authorized a non-unanimous verdict. We affirm.

**Background**

On February 28, 2008, the Tarrant County Grand Jury returned a three count, multiple theory, indictment charging Appellant with two counts of aggravated sexual assault of a child and one count of indecency with a child by contact. Count Two charged Appellant with aggravated sexual assault of a child as follows:

> COUNT TWO: And it is further presented in and to said Court that the Defendant in the County of Tarrant and State aforesaid on or about the 1st day of May, 2006, did then and there intentionally or knowingly cause the penetration of the anus of [A.L.], a child younger than 14 years of age who was not the spouse of said defendant, by inserting his penis into her anus.

> PARAGRAPH TWO: And it is further presented in and to said court that the defendant in the County of Tarrant . . . on or about the 1st day of May, 2006, did then and there intentionally or knowingly cause the anus of [A.L.], a child younger than 14 years of age who was not the spouse of said defendant, to contact the sexual organ of the defendant . . . .

The State waived Count One and proceeded to trial on Count Two (aggravated sexual assault of a child) and Count Three (indecency with a child). At trial, the jury heard evidence that, in May 2006, A.L. made an outcry to her mother that Appellant was sexually abusing her. A.L.'s mother worked for Appellant's wife. While Appellant's wife and A.L.'s mother were at work, Appellant kept A.L. and her younger brother. A.L. told her mother that Appellant was "messing with [her] tee-tee with his fingers" and "tried to wiggle his tee-

tee in her booty." When examined by a pediatric nurse practitioner, A.L. told her that Appellant's finger rubbed and penetrated her tee-tee and his tee-tee went into her butt. When asked if anything had come out, A.L. told the nurse there was a wet spot on the bed.

A.L. testified that, during her naps, Appellant "stuck his hand down [her] pants" and "stuck his private in [her] back private." She also testified that Appellant's hand went "inside" her private and that his private went "in" her "back side." She testified this occurred more than once. A.L. drew a picture of Appellant's penis. She further testified that, after Appellant did these things to her, there would be "a little wet spot" on the sheet.

Appellant testified that he was innocent and denied ever touching A.L. inappropriately. He testified that A.L. used to walk in on him when he was using the restroom so often "it finally got to the point where I would just hold everything until somebody else got there to watch her while I went." He also testified that he would often clean A.L.'s genital and anal areas when she had "accidents" in her pants.

At the conclusion of the trial, the State made no formal election of which theory it would rely upon for conviction and the trial court charged the jury on Count Two, in pertinent part, as follows:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that on or about the 1st day of May, 2006, in Tarrant County, Texas, the defendant, Jimmy Dale Hollon, did then and there intentionally or knowingly cause the penetration of the anus of [A.L.], a child younger than 14 years of age who was not the spouse of said

3

defendant by inserting his penis into her anus; or did then and there intentionally or knowingly cause the anus of [A.L.], a child younger than 14 years of age who was not the spouse of said defendant, to contact the sexual organ of the Defendant, then you will find the Defendant guilty of aggravated sexual assault of a child as charged in Count Two of the indictment.

Regarding the jury charge for Count Two, the State indicated in its closing argument that, if either penetration or contact were proven beyond a reasonable doubt, "then that element is met." Appellant did not object to the State's failure to make an election or to this argument. Thereafter, the jury found Appellant guilty on Counts Two and Three and punishment was assessed at seven years confinement for Count Two and ten years community supervision on Count Three. This appeal followed.

**Discussion**

Appellant asserts that he was denied his right to a unanimous jury verdict because it is impossible to determine from the jury's general verdict whether the jury unanimously determined Appellant caused penetration or contact, or split their votes between the two acts. The State asserts the disjunctive charge was proper because Appellant was not charged with separate offenses but alternative means of committing one offense.

Analyzing a jury-charge issue involves a two-step process. We must first decide whether the trial court erred in issuing the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex.Crim.App. 2005). Then, if error exists, we must analyze whether sufficient harm resulted from the error to require reversal. *Id.*

4

## I. Jury Unanimity

A jury verdict in a criminal case must be unanimous. Tex. Const. art. V, § 13. *See* Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2008). Because of the possibility of a nonunanimous jury verdict, "separate offenses" should not be submitted to the jury in the disjunctive. *Francis v. State*, 36 S.W.3d 121, 124-25 (Tex.Crim.App. 2000); *Clement v. State*, 248 S.W.3d 791, 800 (Tex.App.–Fort Worth 2008, no pet.). The unanimity requirement is not violated, however, when the jury is instructed on alternative theories, or manner and means, of committing the same offense and the defendant does not demand an election before the case is submitted to the jury for consideration. *Pizzo v.* State, 235 S.W.3d 711, 715 (Tex.Crim.App. 2007). Where alternate theories of committing the same offense are submitted to the jury in the disjunctive, and the jury is required by the charge to find each element of the offense beyond a reasonable doubt, it is appropriate for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted. *Kitchens v. State,* 823 S.W.2d 256 (Tex.Crim.App. 1991).

## II. Aggravated Sexual Assault of a Child Charge

A person commits an offense of aggravated sexual assault on a child if the person intentionally or knowingly performs any of the following acts and the victim is younger than fourteen years of age:

> (1) causes the penetration of the anus or sexual organ of a child by any means;

5

(2) causes the penetration of the mouth of a child by the sexual organ of the actor;

(3) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

(4) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

(5) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor. . . .

Tex. Penal Code Ann. § 22.021(B)(i-v) (Vernon Supp. 2008).

Section 22.021 is a conduct-oriented offense and each separately described act generally constitutes a separate statutory offense. *Vick v. State*, 991 S.W.2d 830, 832-33 (Tex.Crim.App. 1999). However, the offense of aggravated sexual assault by genital-to-genital contact is necessarily "subsumed" within the offense of sexual assault by penile penetration of the female sexual organ. *See Patterson v. State,* 152 S.W.3d 88, 92 (Tex.Crim.App. 2004); *Vick*, 991 S.W.2d at 834 n.2.[1] Because the charges are subsumed, penetration and contact may be charged in the disjunctive without danger that different jurors will agree a crime has been committed but disagree upon which one. This is so because every juror who believed that the defendant penetrated the victim's anus necessarily believed that the antecedent contact had occurred. *Tyson*, 172 S.W.3d at 178

---

[1]*See also Santee v. State,* 247 S.W.3d 724, 728-29 (Tex.App.–Houston [1st Dist.] 2007, no pet.) (citing *Hendrix v. State*, 150 S.W.3d 839, 848 (Tex.App.–Houston [14th Dist.] 2004, pet. ref'd)); *Valdez v. State,* 211 S.W.3d 395, 400 (Tex.App.–Eastland 2006, no pet.); *Tyson v. State*, 172 S.W.3d 172, 178 (Tex.App.–Fort Worth 2005, pet. ref'd).

6

(quoting *Hendrix*, 150 S.W.3d at 847-48). Thus, the trial court's instruction on aggravated sexual assault was proper because the penetration offense subsumed the contact offense.

Appellant contends this exception is inapplicable because there was evidence that penetration and contact occurred more than once. Appellant, however, did not face accusations of multiple or separate acts of penetration or contact nor was there testimony describing any specific incident other than the incident charged in the indictment. Moreover, although A.L. testified that anal penetration occurred more than once, she gave only one description of this abuse. She did not specify how many times it happened or distinguish one assault from another–temporally or substantively.[2]

Appellant cites *Martinez v. State*, 212 S.W.3d 411 (Tex.App.–Austin 2006, pet. ref'd), for the proposition that, where more than one act of penetration or contact is proven, a disjunctive instruction constitutes error. However, *Martinez* is inapposite because there was "evidence of more than one act involving contact, and those acts did not always involve penetration." *Id.* at 418-19. In *Martinez*, the victim's mother testified that "the abuse happened on more than one occasion," and that abuse was "different sometimes." *Id.* at 419. Here, the abuse happened more than once but was the same each time.[3]

---

[2]In *Stuhler v. State,* 218 S.W.3d 706, 717 (Tex.Crim.App. 2007), the Court noted that child-abuse crimes may be regarded as continuous offenses which do "not require jury unanimity on any specific, discrete act. . . ." *Id.* at 717 n.26 (quoting *dicta* in *Jefferson v. State*, 189 S.W.3d 305, 313 n.11 (Tex.Crim.App. 2006)).

[3]*Gonzalez Soto v. State,* 267 S.W.3d 327 (Tex.App.–Corpus Christi 2008, no pet. h.) is also inapposite. In *Soto*, the victim described two distinct incidents of the same act of penetration. *Id.* at 338-39. *See also Cook v. State*, 192 S.W.3d 115, 119 (Tex.App.–Houston [14th Dist.] 2006, no pet.).

Accordingly, based upon our review of the entire record, we overrule Appellant's point of error.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish