

IN THE
TENTH COURT OF APPEALS

No. 10-12-00437-CR

DANIEL SCOTT JOHNSON,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 77th District Court
Limestone County, Texas
Trial Court No. 12,564-A

## MEMORANDUM OPINION

In four issues, appellant, Daniel Scott Johnson, challenges his convictions for seven counts of sexual assault of a child and three counts of indecency with a child by contact—both second-degree felonies. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), (d), 22.011(a)(2)(A), (f) (West 2011). We affirm.

# I.  BACKGROUND[1]

Appellant was charged by indictment with seven counts of sexual assault of a child and three counts of indecency with a child by contact for conduct perpetrated against A.G., a child younger than seventeen years of age, from October 2003 to June 2006.  Appellant pleaded "not guilty" to the charges, and a jury trial commenced.

At the conclusion of the trial, the jury found appellant guilty on all counts and sentenced him to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice for each count of sexual assault and fifteen years' confinement for each count of indecency with a child by contact.  The trial court ordered the imposed sentences to run concurrently with the exception of one of the sexual assault counts, which was ordered to run consecutive with the other imposed sentences. The trial court certified appellant's right of appeal, and this appeal followed.

# II.  EXCLUSION OF TESTIMONY

In his first two issues, appellant contends that the trial court erred in excluding portions of testimony provided by his wife, Rosa Linda Johnson, who is also the older sister of A.G.  Specifically, appellant contends that the trial court denied him:  (1) "due process and due course of law by failing to permit testimony which constituted a denial of his right to present a complete defense"; and (2) "the right to confront his accusers by failing to permit testimony which constituted a denial of his right to present a complete defense."

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case.  *See* TEX. R. APP. P. 47.1, 47.4.

## A. Applicable Law

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Relevant evidence is that which has any tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. TEX. R. EVID. 401. However, evidence may be excluded under Texas Rule of Evidence 403 if the danger of unfair prejudice substantially outweighs the probative value of the evidence. TEX. R. EVID. 403. Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003); *Jones v. State*, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996). The trial court has broad discretion in conducting a Rule 403 balancing test, and we will not lightly disturb its decision. *Allen*, 108 S.W.3d at 284. All testimony and physical evidence are likely to be prejudicial to one party or the other. *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010); *Jones*, 944 S.W.2d at 653. It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable. *Davis*, 329 S.W.3d at 806 (citing *Williams v. State*, 958 S.W.2d 186, 196 (Tex. Crim. App. 1997)).

A proper Rule 403 analysis includes balancing the following factors: (1) the inherent probative force of the proffered item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *See Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006); *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004); *see also Cressman v. State*, No. 10-11-00393-CR, 2012 Tex. App. LEXIS 9849, at **8-10 (Tex. App.—Waco Nov. 29, 2012, no pet.) (mem. op., not designated for publication).

## B.  Discussion

On appeal, appellant argues that the trial court prevented him from presenting a complete defense by excluding testimony from Rosa Linda about prior sexual abuse allegedly perpetrated by Marco, Rosa Linda and A.G.'s father. At trial, appellant made an offer of proof regarding Rosa Linda's testimony, wherein she stated that Marco touched her inappropriately fifteen or twenty times. Rosa Linda also noted that A.G. told her and her mother that Marco touched A.G. inappropriately as well. Rosa Linda alleged that Marco consented to her marrying appellant at the age of sixteen because she threatened to report him for the alleged sexual abuse. Rosa Linda recounted that

her relationship with Marco has been virtually non-existent for fifteen years and that Marco had hit her and was convicted of class C assault. Finally, Rosa Linda stated that A.G. was very upset that her parents did not allow her to live with Rosa Linda and that her relationship with A.G. has not been very good since that time.

Based on our review of the record, we believe that the probative value of Rosa Linda's testimony regarding the alleged prior sexual abuse by Marco is outweighed by the prejudicial effect of the evidence, if any. Specifically, A.G., who was twenty-three at the time of trial, positively identified appellant, and no one else, as the perpetrator of the charged offenses. Moreover, when questioned outside the presence of the jury, A.G. denied any sexual abuse at the hands of Marco. Additionally, A.G.'s mother testified during an in-camera hearing that A.G. never told her that Marco had touched her inappropriately. A.G.'s mother also denied that A.G. told Rosa Linda that Marco had touched her inappropriately.

Moreover, to the extent that appellant argues that the testimony was necessary to rebut medical evidence presented by the State, we note that Ann Sims, M.D., testified that A.G. had a deep notch on her hymen that could be consistent with penetrating vaginal trauma; however, Dr. Sims emphasized that she could not conclusively state that the deep notch was caused by sexual abuse because she had not examined A.G.'s hymen prior to the alleged sexual abuse. Dr. Sims also stated that thinning in the notch "is really not a very significant finding."

Given the above, we conclude that the complained-of testimony would have confused or distracted the jury from the main issue—whether appellant perpetrated the

crimes against A.G.—and would have been more prejudicial than probative. *See Gigliobianco*, 210 S.W.3d at 641-42.

Regarding appellant's argument that he was denied the right to confront and cross-examine witnesses, we note that the exclusion of a victim's prior sexual history has been held not to violate a defendant's confrontation and cross-examination rights. *See Allen v. State*, 700 S.W.2d 924, 930-31 (Tex. Crim. App. 1985) (stating that "[t]here have been numerous attacks upon the so-called rape shield statutes as violative of the Sixth Amendment and these generally have been rejected" because "the right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process" (internal citations omitted)). Texas Rule of Evidence 412(b) provides that "evidence of specific instances of an alleged victim's past sexual behavior" is inadmissible unless the evidence falls within five categories of evidence and the trial court finds that the probative value of the evidence outweighs the danger of unfair prejudice. TEX. R. EVID. 412(b).

Moreover, the Constitution requires only the introduction of otherwise relevant and admissible evidence. *Hale v. State*, 140 S.W.3d 381, 396 (Tex. App.—Fort Worth 2004, pet. ref'd) (citing *United States v. Nixon*, 418 U.S. 683, 711, 94 S. Ct. 3090, 3109, 41 L. Ed. 2d 1039 (1974)). "Thus, before evidence of an alleged victim's sexual behavior may be admitted under rule 412(b)(2)(E), the defendant must first establish the relevancy of the evidence to a material issue in the case. *Id.* "If the evidence is not relevant, it is not admissible." *Id.*

Additionally, we note that the trial court retains wide latitude to impose reasonable limits on cross-examination. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S. Ct. 1431, 1434-35, 89 L. Ed. 2d 674 (1986). The trial court must carefully consider the probative value of the evidence and weigh it against the risks of admission. *See Hodge v. State*, 631 S.W.2d 754, 758 (Tex. Crim. App. [Panel Op.] 1982). These potential risks include "the possibility of undue prejudice, embarrassment or harassment to either a witness or a party, the possibility of misleading or confusing the jury, and the possibility of undue delay or waste of time." *Id.*; *see Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000). Furthermore, "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, or to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S. Ct. 292, 294, 88 L. Ed. 2d 15 (1985) (emphasis in original); *see Walker v. State*, 300 S.W.3d 836, 844-45 (Tex. App.—Fort Worth 2009, pet. ref'd).

As stated earlier, A.G. and A.G.'s mother refuted Rosa Linda's testimony that Marco sexually abused A.G. A.G. identified appellant, and no one else, as the perpetrator responsible for the sexual assault she suffered. Moreover, Rosa Linda did not identify the time period in which she believed that Marco sexually abused A.G. to correspond with the time period alleged in the indictment, nor did she refute A.G.'s testimony that appellant committed the charged offenses. Therefore, to the extent that appellant sought to introduce Rosa Linda's testimony to attack the identity element of the crime, we conclude that the complained-of testimony was irrelevant to the issue of whether appellant committed the charged offenses during the time period described in

the indictment. *See* TEX. R. EVID. 401; *Nixon*, 418 U.S. at 711, 94 S. Ct. at 3109; *Hale*, 140 S.W.3d at 396. Accordingly, we cannot say that appellant was denied his right to confront or cross-examine witnesses. *See Van Arsdall*, 475 U.S. at 678, 106 S. Ct. at 1434-35; *Fensterer*, 474 U.S. at 20, 106 S. Ct. at 294; *see also Hodge*, 631 S.W.2d at 758; *Walker*, 300 S.W.3d at 844-45.

And finally, to the extent that appellant argues that the trial court's ruling denied him due process and the opportunity to present a complete defense, the record reflects that appellant did not articulate this complaint at trial. To preserve error, there must have been a timely request, objection, or motion stating the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint and secure a ruling. *See* TEX. R. APP. P. 33.1. Specifically, regarding the exclusion of evidence, a party must not only tell the judge that the evidence is admissible, but also explain why it is admissible. *See Reyna v. State*, 168 S.W.3d 173, 177-79 (Tex. Crim. App. 2005). Moreover, the explanation given at trial must match the one urged on appeal. *Id.* at 179. Because appellant did not complain in the trial court that the complained-of ruling denied him due process and the opportunity to present a complete defense, the trial judge "never had the opportunity to rule upon" this rationale. *Id.* We therefore conclude that appellant failed to properly preserve this contention. *See id.*; *see also* TEX. R. APP. P. 33.1.

Based on the foregoing, we cannot say that the trial court abused its discretion by excluding portions of Rosa Linda's testimony. *See De La Paz*, 279 S.W.3d at 343; *see also*

*Bigon*, 252 S.W.3d at 367. Accordingly, we overrule appellant's first two issues on appeal.

### III. DOUBLE JEOPARDY

In his third and fourth issues, appellant contends that his convictions for multiple counts of sexual assault with a child and indecency with a child by contact violated the Double Jeopardy Clause of the United States Constitution. *See* U.S. CONST. amend. V.

### A. Facts

As the following table describes, appellant was convicted of seven counts of sexual assault of a child and three counts of indecency with a child by contact:

| Indictment Count | Charged Offense | Date of Offense | Punishment |
|---|---|---|---|
| 1 | Indecency with a child by contact | On or about October 2, 2003 | 15 years concurrent |
| 2 | Sexual assault of a child | On or about October 2, 2003 | 20 years concurrent |
| 3 | Sexual assault of a child | On or about November 2, 2003 | 20 years concurrent |
| 4 | Indecency with a child by contact | On or about December 2, 2003 | 15 years concurrent |
| 5 | Sexual assault of a child | On or about October 2, 2004 | 20 years concurrent |
| 6 | Sexual assault of a child | On or about February 2, 2005 | 20 years consecutive |
| 7 | Indecency with a child by contact | On or about March 2, 2005 | 15 years concurrent |
| 8 | Sexual assault of a child | On or about May 2, 2006 | 20 years concurrent |
| 9 | Sexual assault of a child | On or about May 2, 2006 | 20 years concurrent |
| 10 | Sexual assault of a child | On or about June 2, 2006 | 20 years concurrent |

On appeal, appellant asserts that Counts 1 and 4 are subsumed into the completed sexual assaults charged in Counts 2 and 3. In addition, appellant argues that Counts 8, 9, and 10 occurred on the same date at the same location—the Limestone Inn—and therefore constitute a single offense. We disagree.

## B. Applicable Law

The Fifth Amendment to the United States Constitution provides that no person "shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V. In other words, the Fifth Amendment's prohibition against double jeopardy protects against: "1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense." *Weinn v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010) (citing *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225, 53 L. Ed. 2d 187 (1977)); *Stephens v. State*, 806 S.W.2d 812, 816 (Tex. Crim. App. 1990) (en banc). "Conceptually, the State and Federal double jeopardy provisions are identical." *Stephens*, 806 S.W.2d at 815; *see Ex parte Busby*, 921 S.W.2d 389, 392 (Tex. App.—Austin 1996, pet. ref'd); *see also* TEX CONST. art. I, § 14. Here, appellant contends that he is being punished twice for the same offense.

"When the same conduct violates different criminal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other." *Belt v. State*, 227 S.W.3d 339, 344 (Tex. App.—Texarkana 2007, no pet.). For example, "greater inclusive and lesser included offenses are the same for jeopardy purposes." *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). The Texas

Court of Criminal Appeals has held that indecency with a child can be a lesser-included offense of sexual assault of a child if both offenses are predicated on the same conduct. *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009); *Vick v. State*, 991 S.W.2d 830, 834 n.2 (Tex. Crim. App. 1999); *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998).

Although a person "who commits more than one discrete sexual assault against the same complainant may be convicted and punished for each separate act, even if the acts were committed in close temporal proximity," the penal statutes do not allow "stop-action" prosecutions. *Barnes v. State*, 165 S.W.3d 75, 87 (Tex. App.—Austin 2005, no pet.). In other words, "a conviction for a completed sexual assault bars conviction for conduct that is demonstrably part of the commission of that offense." *Id.* For example, "penile contact with [the] mouth, genitals or anus in the course of penile penetration will be subsumed." *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004).

The Texas Court of Criminal Appeals has explained:

It is clear that sexual exploitation of children is of great concern to the legislature. The offenses enumerated by the legislature cover a range of deviant sexual conduct, beginning with exposure and continuing through sexual contact to penetration and including incest and child prostitution. The scheme encompasses escalation of abuse; no matter where in the range the perpetrator stops, the offense is complete at that point. That is not to say that every offense in the range can in all cases be prosecuted as a separate offense. While it is clear from the plain language of the various statutes that the legislature intended harsh penalties for sexual abuse of children, there is nothing in the language to suggest that it intended to authorize "stop-action" prosecution. Just as a conviction for a completed offense bars prosecution for an attempt to commit the same offense, a conviction for an offense set out in § 3.03 [of the Texas Penal Code] bars

conviction for conduct that, on the facts of the case, is demonstrably part of the commission of the greater offense. For example, indecency by genital exposure of oneself in the course of manual penetration of another are separate offenses, while penile contact with mouth, genitals, or anus in the course of penile penetration will be subsumed.

*Id.* at 91-92.

## C.     Discussion

In the present case, each count alleged in the indictment referenced a separate and discrete act that was not subsumed within another offense. As stated above, appellant complains about Counts 1, 2, 3, 4, 8, 9, and 10. Count 1 alleged that appellant touched the breast of A.G. on the same day as he penetrated A.G.'s sexual organ, as alleged in Count 2. Likewise, Count 4 alleged that appellant touched the breast of A.G. on the same day as he penetrated A.G.'s sexual organ, which was alleged in Count 3. Count 8 alleged that appellant caused A.G. to contact his sexual organ with her mouth, and Count 9 alleged that appellant caused A.G.'s sexual organ to be contacted or penetrated by appellant's sexual organ. Count 10, which was alleged to have transpired a month after Counts 8 and 9, asserted that appellant contacted or penetrated A.G.'s sexual organ with his mouth. None of these counts allege the same conduct, and all are separate and discrete offenses. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), 22.011(a)(2)(A); *see also Barnes*, 165 S.W.3d at 87. And unlike *Belt*, the facts in this case do not demonstrate that the sexual assaults were based on the same conduct as the alleged indecency with a child by contact counts.[2] See 227 S.W.3d at 340-44. Accordingly, we

---

[2] In *Belt*, the defendant was convicted of indecency with a child for contacting the complainant's anus with his penis and for penetrating the complainant's anus with his penis. 227 S.W.3d 339, 340-42

cannot conclude that a Double-Jeopardy violation occurred in this case. *See* U.S. CONST. amend. V; *see also Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999) ("In this case[,] the second indictment alleged that appellee caused the child's sexual organ to contact his mouth. That conduct constituted a separate and distinct statutory offense from the alleged penetration of the child's sexual organ by appellee's sexual organ, despite the fact both are violations of a single statute."); *Barnes*, 165 S.W.3d at 87 ("A person who commits more than one discrete sexual assault against the same complainant may be convicted and punished for each separate act, even if the acts were committed in close temporal proximity."). We overrule appellant's third and fourth issues.

## IV. CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgments of the trial court.

---

(Tex. App.—Texarkana 2007, no pet.). In modifying Belt's convictions, the Texarkana Court of Appeals noted the following:

> Although the charge in our case did not require the jury to find a particular kind of contact with J.Y.'s anus to convict Belt on the indecency by contact count, there is no evidence that Belt touched part of J.Y.'s anus except by his penis. Thus, the offense of indecency with a child by touching J.Y.'s anus, of which the jury convicted Belt, was subsumed by the aggravated sexual assault by penile penetration conviction.

*Id.* at 344.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 6, 2014
Do not publish
[CRPM]