**Jose Ragos TAGORDA, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–97–231–CR to 2–97–234–CR.**

Court of Appeals of Texas,
Fort Worth.

April 16, 1998.

---

Art Brender, Law Offices of Art Brender, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Chief of the Appellate Section, Curtis Jenkins, Lisa Amos, Lettie Martinez, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Before CAYCE, C.J., and DAY and HOLMAN, JJ.

## OPINION

DAY, Justice.

The sole issue in this case is whether the time that a criminal defendant spends subject to electronic monitoring should be credited as time served in jail under article 42.03 of the Texas Code of Criminal Procedure. Because we hold that wearing an electronic monitoring device is not the equivalent of "jail time," we affirm.

## BACKGROUND

A grand jury indicted Appellant Jose Ragos Tagorda on three counts of aggravated sexual assault of a child and one count of indecency with a child. His bonds were set at $25,000, $100,555, $50,000, and $20,555, respectively. Tagorda filed a motion to reduce the bond amounts. The trial court granted his motion but imposed several bond conditions, including the requirement that Tagorda submit to home confinement and wear an electronic monitoring device. The court also allowed Tagorda to leave his home for work and to meet with his attorney and probation officer.

Tagorda entered open pleas of guilty on all four charges and received eight and one-half year sentences on each count, to run concurrently. Tagorda subsequently filed a motion for credit for time served, alleging that he should receive credit for the time that he was electronically monitored before the sentencing hearing. He also filed a motion for new trial, alleging that the jail time imposed was excessive and in violation of his constitutional right to be free from excessive punishment. The trial court denied both motions.

On appeal, Tagorda argues that electronic monitoring is an excessive restraint on a defendant's liberty that rises to the level of incarceration. As a result, he contends that the trial court erred in denying his request for credit for time served, and he requests that we reform the trial court's judgment to give him credit for the time that he was electronically monitored before being sentenced.

## CREDIT FOR TIME SERVED

Article 42.03, section 2(a) sets forth the general rule for determining when a criminal defendant is eligible to receive credit for time served:

> In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent *in jail* in said cause, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.

TEX.CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (Vernon Supp.1998) (emphasis added). When a statute is clear and unambiguous, we apply the plain meaning of its words. *See Ramos v. State*, 934 S.W.2d 358, 364 (Tex. Crim.App.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1556, 137 L.Ed.2d 704 (1997); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim. App.1991). The language of article 42.03, section 2(a) could not be any clearer. Under

this section, "jail time" means *time spent in jail,* not time spent in one's home wearing an electronic monitoring device.

We hold that a criminal defendant is not entitled to receive credit on his sentence for time spent on electronic monitoring as a condition of bond before sentencing. Accordingly, we find that the trial court did not err in denying Tagorda's motion for credit for time served and we overrule his point.

The judgment of the trial court is affirmed.