

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00113-CR

CASEY AUSTIN JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 12-0154X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After pleading guilty to three counts of sexual assault of a child, Casey Austin Jones appeals, raising seven points of error. On review of the case presented to us, we find that (1) the evidence was sufficient to support the indictment's allegations, (2) Jones was not placed in double jeopardy, (3) Jones was not entitled to credit against his sentence for pretrial time spent on bond where he was required to remain under house arrest and submit to electronic monitoring, and (4) the trial court properly denied Jones' motion to suppress evidence. Since these findings operate to dispose of all seven of Jones' points of error, we affirm Jones' conviction.

## I.     Amendment of the Indictment

The three-count indictment handed down by the grand jury alleged that Jones penetrated on three occasions the sexual organ of M.F., a child who was then less than seventeen years of age. The indictment alleged the offenses to have taken place on the following dates:

| | |
|---|---|
| Count I | December 22, 2011 |
| Count II | December 28, 2011 |
| Count III | January 21, 2012 |

By motion filed May 13, 2015, the State moved to amend the indictment, intending to change Count I's offense date to January 21, 2012, and Count II's offense date to February 28, 2012, but leaving the date of Count III unchanged. At the resulting hearing, Jones' sole objection was that although he had obtained his employment records for the dates as originally alleged in the indictment, he was concerned that he might be unable to obtain employment documents for the amended dates. He made no complaint about the sufficiency of notice. At that time, the trial court instructed Jones to attempt to obtain the pertinent employment records, noting that if he were

2

unable to obtain them, the court would consider a continuance. The trial court then granted the State's request to amend the indictment by interlineation. However, this interlineation was not without error on the part of the trial court. Although the court wrote "21st day [of] January 2012" on Count I, it failed to strike out "22nd day of December, 2011" in that paragraph. As to Count II, although the court did write in "February 2012" over the original wording of "December, 2011," it failed to strike through the "2011" which indicated the year the offense was alleged to have occurred.

As the result of this incomplete interlineation, Count I recites that the offense occurred on two dates: December 22, 2011, and January 21, 2012. In like fashion, Count II of the indictment as amended, alleges that the same offense was committed on February 28, 2011, and February 28, 2012. Jones complains that the evidence could not possibly prove the dates of these occurrences.

There are at least two problems with Jones' argument that the error damaged Jones sufficiently to warrant reversal. The first argument that contradicts Jones' argument is that

> [t]he State is not required to allege a specific date in an indictment. *Mitchell v. State*, . . . 330 S.W.2d 459, 462 (1959). The "on or about" language is sufficient, so long as the act occurred before the date of the presentation of the indictment, but within the relevant limitations period. *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *Thomas v. State*, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988).

*Megason v. State*, 19 S.W.3d 883, 887 (Tex. App.—Texarkana 2000, pet. ref'd). Each of the three counts in Jones' indictment contain the catch-all "on or about" recitation. The indictment was originally returned April 26, 2012, a date well subsequent to the occurrences alleged in the

indictment. So even though the dates in the amended indictment may appear somewhat confusing, they were legally sufficient to apprise Jones of the offenses of which he was charged.[1]

Next, incident to the entry of his guilty plea, Jones signed a judicial confession wherein he admitted that he had committed each of the acts set out in the three counts. The judicial confession admitted that he had committed the sexual assault of a child on January 21, 2012, February 28, 2012, and January 21, 2012. Jones complains that Counts I and III each allege the same date. Jones' judicial confession to those two counts, admitting sexual assault of a child in each count, supports a reasonable inference he committed both crimes on or about January 21, 2012. *See Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). The trial court read the indictment, with its amended dates, to Jones, who then pled guilty to each individual count. Each instance of penetration or commission of sexual assault as defined by the statute equals a discrete crime. For instance, in *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004), two penetrations were separated by a short period of time, and it was determined that two independent assaults had occurred.[2] The evidence provided to the trial court in this case is sufficient to prove all three counts of the indictment, as amended.

---

[1]Jones cautiously couches his appeal as a challenge to the sufficiency of the evidence, as opposed to an attack on the indictment as a charging instrument. Accordingly, our consideration and analysis address only the sufficiency of the evidence. The evidence was sufficient to prove Counts I, II, and III, even if the amended indictment is read to allege two offense dates in Counts I and II.

[2]*See also Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999) ("The statute criminalizes many types of sexually assaultive conduct with a child. . . . This specificity reflects the legislature's intent to separately and distinctly criminalize any act which constitutes the proscribed conduct. An offense is complete when a person commits any one of the proscribed acts"). *Vick* addressed different manners and means of committing sexual assault of a child, to-wit, causing the victim's sexual organ to contact the defendant's mouth, versus the defendant's sexual organ penetrating the child's sexual organ, but the court's reasoning is still sound.

4

## II. Allegation of Double Jeopardy Violation

Our analysis of the sufficiency of the evidence to support the indictment's amended dates also defeats Jones' complaint that he suffered a double jeopardy violation when he was convicted of two counts of sexual assault of a child committed on January 21, 2012 (i.e., Counts I and III). As discussed above, it is possible to commit the same crime more than once on the same day; further, the State is not bound by the single date alleged in each count. In addition to *Patterson*, *see id.*, in *Hiatt v. State*, 319 S.W.3d 115 (Tex. App.—San Antonio 2010, pet. ref'd), the convictions were upheld where multiple aggravated sexual assaults occurred on the same date.[3]

We find further support for this result in *Ochoa v. State*, 982 S.W.2d 904 (Tex. Crim. App. 1998). Ochoa had been convicted of indecency with a child and aggravated sexual assault, both of which stemmed from the same single instance of conduct. The conviction for indecency with a child was properly vacated. Key to the Texas Court of Criminal Appeals' reasoning was that "there was evidence of only one offense." *Id*. at 908. Here, there is evidence, in Jones' judicial confession, of three offenses committed on two dates. We find no double jeopardy violation.

## III. No Credit for Time Spent on House Arrest Before Conviction

As a condition of releasing Jones on bond before trial, the trial court mandated that Jones be placed on house arrest and that he wear an electronic monitor. Jones argues that Article 42.035

---

[3]Some convictions were also for indecency with a child on the same dates as the sexual assault offenses. A key to the decision's rationale was that the victim testified to "multiple instances of sexual misconduct by Hiatt on or about the dates alleged." *Hiatt*, 319 S.W.3d at 121. Although the multiple convictions for the same offense on or about the same dates were based on different manners and means of committing those offenses, the court still based its affirmances on the doctrine that "[s]eparate charges . . . are proper when the evidence indicates separate offenses took place." *Id*. at 126. This is analogous to the instant situation: Jones pled guilty to three commissions of sexual assault of a child and signed a judicial confession, admitting he committed those crimes on January 21, 2012, February 28, 2012, and January 21, 2012.

of the Texas Code of Criminal Procedure requires that he be given credit for this period of time he was released from jail on bond in the same fashion as if he had been incarcerated in jail.  We find the statute does not support Jones' reading and overrule these three points of error.

Although Jones does not specify upon which subsection of Article 42.035 he relies to support his claim, we infer from our reading of the statute that the relevant subsections upon which Jones relies are those which follow:

> (a)      A court may require a defendant to serve all or part of a sentence of confinement in county jail by participating in an electronic monitoring program rather than being confined in the county jail . . . .
>
> . . . .
>
> (b)      A judge, at the time of the pronouncement of a sentence of confinement or at any time while the defendant is serving the sentence, on the judge's own motion or on the written motion of the defendant, may permit the defendant to serve the sentence under house arrest, including electronic monitoring and any other conditions the court chooses to impose, during the person's off-work hours.  The judge may require bail of the defendant to ensure the faithful performance of the sentence.
>
> . . . .
>
> (d)      A defendant who submits to electronic monitoring or participates in the house arrest program under this article discharges a sentence of confinement in the same manner as if the defendant were confined in county jail.

TEX. CODE CRIM. PROC. ANN. art. 42.035 (West Supp. 2015).  In his briefing and at oral argument, Jones insists that the Texas Code of Criminal Procedure equates time spent on home arrest or subject to electronic monitoring to time spent in jail before trial.  This would appear to be based on subsection (d); but the whole article is concerned with defendants who have been sentenced to

6

serve time in a county jail (e.g., non state jail misdemeanor crimes).[4] Also, while only subsections

(a) and (b) specifically recite the precondition of "sentence of confinement,"[5] it seems realistic to

assume that condition exists in subsection (d) as well. *See Hill v. State*, 161 S.W.3d 771, 774 (Tex.

App.—Beaumont 2005, no pet.) (reading a section of the Health and Safety Code "in its entirety").[6]

Stated another way, there is nothing in Article 42.035 suggesting that it pertains to presentence jail

time. Rather, that situation is plainly addressed in Article 42.03.

More specifically, Section 2 of Article 42.03 appears to most closely address Jones'

situation.

> (a)     In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent:
>
> > (1)     in jail for the case . . . . from the time of his arrest and confinement until his sentence by the trial court.[7]

TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2 (West Supp. 2015). This statute very clearly controls

when a defendant is to receive credit for time for pre-trial confinement in a circumstance arising

when the defendant "is convicted." The statute then mandates that the trial court "shall give the

defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail."

*Id.* Those last two words are especially dispositive to Jones' points of error. A defendant is entitled

---

[4]It is possible to punish a state jail felony as a class A misdemeanor, and thus sentence the defendant to county jail. *See* TEX. PENAL CODE ANN. § 12.44 (West 2011).

[5]TEX. CODE CRIM. PROC. ANN. art. 42.035.

[6]*See also Skinner v. State*, 293 S.W.3d 196, 201 (Tex. Crim. App. 2009) (provision of particular statute at issue "does not exist in a vacuum").

[7]The remainder of subsection (a) includes time spent in certain mental health and substance abuse facilities and excludes time spent in jail as a condition of community supervision.

to credit against his sentence (which logically may only come into being upon conviction and sentencing) for time that defendant spent "in jail." Jones would have us engage in judicial activism by equating the term "in jail" as used in the statute with time spent on house arrest or on bond with electronic monitoring. As said previously, in order to sustain Jones's contention, one must add certain parts of Article 42.035(d) as a condition to equate the two. Because Article 42.035(d) says a defendant placed on house arrest or required to submit to electronic monitoring is entitled to receive credit towards his sentence "as if the defendant were confined in county jail"[8] and because Article 42.03 requires credit towards the defendant's sentence for time in jail from arrest until sentencing, Jones concludes his time out on bond, before his conviction, where he was on house arrest and required to submit to electronic monitoring, must be counted toward his pretrial confinement, "as if [he] were confined in county jail."[9]

As noted before, this interpretation necessarily ignores the fact that Article 42.035 governs post-conviction sentences served in county jail and not pre-conviction incarceration. The offenses for which Jones pled guilty are felonies, not punishable by confinement in a county jail. Jones invites us treat the statutes as if they were something of a kind of statutory casserole, where he would have us mix two distinct (albeit related) ingredients—Articles 42.03 and 42.035—into a single dish. We find this both unpalatable and contrary to the clear readings of these laws; therefore, we decline the invitation.

---

[8] TEX. CODE CRIM. PROC. ANN. art. 42.035(d).

[9] *Id.*

Article 42.03 applies to a defendant who has already been convicted and sentenced, requiring the trial court to credit the convicted defendant for "time that the defendant spent . . . in jail." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2. Article 42.035 applies to defendants who have been sentenced to serve at least a part of their sentence in a county jail. Only those defendants are subject to the provisions of Article 42.035 in permitting time spent on house arrest and electronic monitoring to be credited toward a sentence. We can find no support for Jones' reading of Article 42.035.

One of our sister courts addressed this same argument. In *Tagorda v. State*, 977 S.W.2d 632 (Tex. App.—Fort Worth 1998, no pet.), the appellant wanted credit towards his sentence for pre-conviction time on bond under much the same conditions as those imposed on Jones. While on bond, he was placed under house arrest (although he could leave for employment purposes and to meet with counsel or probation officers) with electronic monitoring. *Id.* at 633. The trial court denied Tagorda's request that he be given credit in the same fashion as if he had been incarcerated, and the appellate court affirmed. Stressing Article 42.03's clear language that a convicted defendant shall receive time credit for time spent "in jail,"[10] the reviewing court rejected Tagorda's argument. Finding the statute "clear and unambiguous," the court said the statute "could not be any clearer. Under this section, 'jail time' means *time spent in jail*, not time spent in one's home wearing an electronic monitoring device." *Id.* at 633–34. We find our sister court's reading and analysis sound and correct. Jones would distinguish *Tagorda* on the grounds it does not address

---

[10]TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a).

9

Article 42.035. This is correct, because Article 42.035 did not apply to *Tagorda*'s situation and does not apply to Jones. We overrule points of error four, five, and six.

## IV.    Suppression Properly Denied

Jones argues that the trial court should have suppressed a video-recorded statement Jones gave to police, wherein he confessed to having sex with M.F., his young niece, while in bed with Jones' wife. While Jones was being interviewed, his wife, Heather, was being simultaneously interviewed in a separate room by other investigators. At first, Jones only admitted to touching M.F. once, but after having been interviewed for about ten minutes, the interviewer was interrupted by a knock at the door. On the recording, Jones' interviewer is shown to step out of the interview room and return very shortly. Upon the return, Jones is told that his wife is being "completely honest about everything," and Jones is encouraged to do the same.[11] Shortly thereafter, the recorded interview reveals that Jones then admits to sexual intercourse two to four times with M.F. while his wife was in the same bed, and he further admits to having fondled the child.

In truth, Jones' wife had told the investigators nothing about any such incident; instead, she had refused to answer their questions and had asked for an attorney. Jones maintained to the trial court that every admission following what he characterized as the investigator's false statement should have been suppressed, as it came after law enforcement lied to Jones to induce his confession.

---

[11]Jones refers to statements at the suppression hearing by Captain Marty Latham, who had been in another room with Heather. Latham left the room where he was interviewing Heather and had one of Jones' interrogators step outside the interview room. At that time, he told the investigator to tell Jones that Heather was being "honest." At the hearing, Jones testified he would not have otherwise made the incriminating statements or confession. In light of the law discussed above, we do not find the police conduct here to have been prohibited.

"Trickery or deception does not make a statement involuntary unless the method was calculated to produce an untruthful confession or was offensive to due process." *Creager v. State*, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997).

> The fact that the interrogating officers falsely stated to Rodriquez that the victim, on his deathbed, identified him as the assailant does not support a finding that the confession was involuntarily given. The voluntariness of a confession is not destroyed, and a confession induced by deception or trickery, is not inadmissible, unless the method used was calculated to produce an untruthful confession or was offensive to due process.

*Rodriquez v. State*, 934 S.W.2d 881, 890–91 (Tex. App.—Waco 1996, no pet.).

In *Wilson v. State*, the detective "created a false fingerprint report by altering a real governmental report which he intended for appellant to think was a genuine report." *Wilson v. State*, 311 S.W.3d 452, 464 (Tex. Crim. App. 2010).[12] In its analysis, the Texas Court of Criminal Appeals took note of several of the above cases in exploring the lengths to which deception or trickery by law enforcement could run without offending due process. In *Wilson*, the court quoted its previous ruling in *Oursbourn v. State*, 259 S.W.3d 159, 182 (Tex. Crim. App. 2008), in saying, "[I]t is well established that lying about the state of the evidence is not the sort of 'overreaching' that implicates the Due Process Clause, as long as the subterfuge used is not one likely to produce an untrue statement." *Wilson*, 311 S.W.3d at 461 n.36 (quoting *Oursbourn*, 259 S.W.3d at 183).

In *Lynumn v. Illinois*, 372 U.S. 528 (1963), police used a suspect recently arrested on a drug offense to set up a purchase of marihuana from Lynumn. Three officers seized Lynumn and

---

[12]In *Wilson*, the evidence was ruled to be inadmissible because the investigator had altered a government document in order to deceive the interviewee. *Wilson*, 311 S.W.3d at 472. This alteration was in violation of the Penal Code. *See* TEX. PENAL CODE ANN. § 37.09 (West Supp. 2015).

entered her apartment. She told the trial court that the officers had told her, in order to induce her to confess, that her young children would be taken away, her state aid would be terminated, she would be sent to prison for ten years, and she would never see her children again. *Id.* at 531–33. Under these circumstances, Lynumn confessed to selling marihuana to the cooperating individual. The Supreme Court found this confession was "not voluntary, but coerced." *Id.* at 534. The judgment of conviction was set aside.

Here, however, the interviewers did not actually affirmatively lie to Jones. They only told Jones that his wife was being "honest," not that she was revealing her knowledge of the existence of Jones' illicit conduct. All we know is that at the time of her simultaneous interview, she had "lawyered up" and was refusing to answer further questions. Although we do not know for certain, she may have only (truthfully) told them her name and Jones' imagination supplied the information he presumed she had told police. In short, Jones did not show that the interrogators lied to him when they told Jones that his wife was telling the investigators the truth. Taking the statement by the interrogator at its very worst, that statement would have led Jones to believe that his wife was giving a statement which might have inculpated Jones, his wife, or both of them. Jones provided no evidence of overreaching, threats, or coercion. Jones' confession was not obtained in violation of any state or federal law, and thus was not excludable under Article 38.23 of the Texas Code of Criminal Procedure. The trial court was within its discretion to deny the suppression.

12

We overrule Jones' points of error and affirm the trial court's judgment and sentences.


Bailey C. Moseley
Justice

Date Submitted:      May 18, 2016
Date Decided:        June 7, 2016

Do Not Publish