**Affirm and Opinion Filed July 18, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00587-CR**

**BABAK TAHERZADEH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F-16-12037-J**

## OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Molberg

Appellant Babak Taherzadeh appeals his conviction for stalking. He raises four issues on appeal: whether (1) the trial court erred by denying his motion to quash the State's motion to proceed with an adjudication of guilt; (2) the trial court abused its discretion by finding that he violated his conditions of community supervision; (3) the trial court erred by failing to credit his time on house arrest toward his prison sentence; and (4) the original deferred adjudication order is void because the stalking statute is unconstitutional. We affirm.

## I.    Background

Appellant was indicted for committing the third-degree felony offense of stalking under penal code section 42.072(b).  *See* TEX. PENAL CODE § 42.072(b). The indictment alleged five paragraphs, but before appellant pleaded guilty, the State abandoned the first two.  Appellant pleaded guilty to paragraphs three, four, and five of the indictment on February 9, 2017.  Under paragraph three, the State alleged appellant engaged in conduct directed specifically toward the complainant, Judge Brandon Birmingham, by knowingly engaging in conduct that constituted an offense under section 42.07 of the Texas Penal Code,

> by repeatedly initiating electronic communications targeting said complainant and by repeatedly directing the contents of social media posts towards the complainant in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, and offend said complainant and by initiating communications with complainant during which said defendant made comments, requests, suggestions and proposals that were obscene, and by wishing said complainant's death, and the defendant's said conduct would cause a reasonable person to, and did cause complainant, to feel harassed, annoyed, alarmed, abused, tormented, embarrassed and offended[.]

In paragraph four, the State alleged appellant engaged in conduct directed toward the complainant that appellant knew or reasonably should have known the complainant would regard as threatening bodily injury or death of the complainant by—as in paragraph three—repeatedly initiating electronic communications and directing social media posts towards the complainant in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, and offend the complainant and

by initiating communications with the complainant, "during which said defendant made comments, requests, suggestions, and proposals that were obscene," and by wishing the complainant's death, "and the defendant's said conduct would cause a reasonable person to, and did cause complainant, to be placed in fear of bodily injury or death[.]" Finally, in paragraph five, the State alleged that the "foregoing acts" were committed pursuant to the same scheme and course of conduct directed specifically at the complainant.

After appellant pleaded guilty, the trial court deferred an adjudication of guilt and placed appellant on community supervision. The clerk's record before us reflects that the court's admonishment on appellant's right to an order of nondisclosure, the conditions of community supervision, and the plea agreement were all signed by Justice Kerry FitzGerald.[1] Further, a docket entry signed by Justice FitzGerald indicates appellant pleaded guilty before Justice FitzGerald and that the court set punishment at four years' deferred. The written order of deferred adjudication, however, was signed by Judge Gracie Lewis.

On December 1, 2017, Justice FitzGerald signed a second order of deferred adjudication. Included with the order was the same list of probation conditions as before, signed by Justice FitzGerald and appellant. The court, however, entered an order modifying the conditions to include a requirement that appellant participate in

---

[1] Justice FitzGerald, a former justice of this Court, sat as a visiting judge in the case below.

–3–

"psychological/psychiatric evaluation" and an order withdrawing a motion to proceed to adjudication the State had filed and continuing appellant on probation. Justice FitzGerald made a docket entry stating that he signed an "order re deferred today because another judge who was recused signed the previous order thus rendering it void. D to see Dr. Compton & next hearing tentatively set 1-18-18." Other than this docket entry, nothing in the record before us indicates Judge Lewis, who signed the original deferred order, was recused from this case. There is, however, a recusal order in the record before us from Judge Birmingham, the complainant.

The State filed a motion to revoke and proceed to an adjudication of guilt, and appellant filed a motion to quash the State's motion to proceed in which he argued the orders of deferred adjudication were void. At a hearing on the motions, the trial court denied appellant's motion to quash, and after hearing evidence that appellant failed to report to his probation officer on certain dates in 2019 and failed to submit a urine sample in 2019, the court found true the State's allegations and adjudicated appellant guilty. The trial court sentenced appellant to six years' confinement. This appeal followed.

## II. Discussion

### a. Motion to quash

Appellant argues that the February 2017 order of deferred adjudication was void because Judge Lewis was recused. Appellant also argues the second order of

deferred adjudication signed by Justice FitzGerald in December 2017 "amounted to nothing at all" because a judgment is the written embodiment of an oral pronouncement and "there was no resentencing hearing" here. Appellant argues he "was never sentenced." Thus, appellant argues, the trial court erred by denying his motion to quash the motion to proceed to an adjudication of guilt. We review de novo a trial court's ruling on a motion to quash a motion to adjudicate. *See Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010); *Roman v. State*, 571 S.W.3d 317, 320 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Under article 42A.101(a), the trial court may, "after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision." TEX. CODE CRIM. PROC. art. 42A.101(a).

We conclude appellant was placed on deferred adjudication community supervision on February 9, 2017, by Justice FitzGerald. First, the "conditions of community supervision" document signed by Justice FitzGerald and appellant stated, "In accordance with the authority conferred by the Community Supervision and Parole Law of the State of Texas you have been placed on Community Supervision on this date 2 - 9 - 2017 for a period of 4 years. It is the order of this Court that you comply with the [attached list of] conditions of supervision." The document listed "probation type" as "deferred." Second, appellant's plea agreement,

signed by appellant and Justice FitzGerald, reflected that appellant pleaded guilty and would receive deferred adjudication community supervision for four years. Third, Justice FitzGerald's docket entry reflects that, after appellant pleaded guilty, the judge placed him on deferred adjudication community supervision for four years. Thus, even if Judge Lewis were recused and the order she signed was void—which we cannot say on the record before us—it is clear from the record that Justice FitzGerald nevertheless placed appellant on deferred adjudication community supervision on February 9, 2017.

But appellant also argues that Justice FitzGerald found the first order void and that, therefore, the second order was void because appellant was never "resentenced." We reject this argument. When adjudication is deferred, the trial judge does not find guilt—instead, the judge "pauses the proceedings and takes the case under a sort of advisement, with the defendant having the opportunity to complete a probationary period and have the case dismissed." *Middleton v. State*, 634 S.W.3d 46, 51–52 (Tex. Crim. App. 2021). Because placing a defendant on deferred adjudication does not involve an adjudication of guilt, a deferred adjudication order is not a conviction. *Hurley v. State*, 130 S.W.3d 501, 505 (Tex. App.—Dallas 2004, no pet.). Further, a defendant who has been placed on deferred adjudication community supervision has not been sentenced. *Beedy v. State*, 250 S.W.3d 107, 114 (Tex. Crim. App. 2008).

Here, appellant pleaded guilty, and if the first deferred adjudication order was void or later voided, then the question is whether the trial court could enter a deferred order over nine months later as it purported to do here. We first observe that nothing in the statute forbids such a course. Article 42A.101(a) states simply that, "after receiving a plea of guilty or nolo contendere," the trial court may "defer further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision." TEX. CODE CRIM. PROC. art. 42A.101(a). Second, we reject appellant's contention that he needed to be "resentenced" when the trial court entered the second order of deferred adjudication. A defendant placed on deferred adjudication community supervision is neither sentenced, *Beedy*, 250 S.W.3d at 114, nor convicted. *Hurley*, 130 S.W.3d at 505. And an order granting deferred adjudication "does not constitute a judgment." *Holcomb v. State*, 146 S.W.3d 723, 730 (Tex. App.—Austin 2004, no pet.).

Thus, appellant was not sentenced in February when Justice FitzGerald first placed him on deferred adjudication, nor was he sentenced when the judge signed a second order of deferred adjudication in December. Consequently, the authorities cited by appellant relating to sentencing and judgments are inapplicable to his case. We conclude the trial court did not err by denying appellant's motion to quash the State's motion to adjudicate. Appellant's first issue is overruled.

### b. *Revocation and time credit*

In his second issue, appellant argues the trial court abused its discretion by revoking his community supervision because, as he argued in his first issue, he was never placed on community supervision. In his third issue, appellant argues the trial court erred by failing to credit his time on house arrest towards his sentence; he argues that, because the February order of deferred adjudication was void, appellant was illegally on house arrest and, as a result, his sentence should be credited with this house-arrest time. Because we rejected the premise of these two arguments in appellant's first issue, we reject its application here. Further, "jail time" credit under article 42.03 of the code of criminal procedure "means time spent in jail, not time spent in one's home wearing an electronic monitoring device." *Tagorda v. State*, 977 S.W.2d 632, 634 (Tex. App.—Fort Worth 1998, no pet.). Appellant's second and third issues are overruled.

### c. *Constitutionality of stalking statute*

In a supplemental brief, appellant raises a fourth issue post-submission, arguing the original deferred-adjudication order is void because the stalking statute is facially unconstitutional. Appellant pleaded guilty to stalking, based upon engaging in conduct constituting an offense under penal code section 42.07 and conduct that would cause a reasonable person to fear bodily injury or death. *See* TEX. PENAL CODE § 42.072(a)(1), (a)(3). He relies on this Court's decision in *Griswold v. State*, 637 S.W.3d 888 (Tex. App.—Dallas 2021, pet. filed).

In that case, the appellant was indicted, as here, for stalking under section 42.072. *Id*. at 889. The indictment alleged:

> [Griswold] knowingly engaged in conduct that constituted an offense under section 42.07 and/or conduct that [Griswold] knew or reasonably should have known [the complainant] would regard as threatening bodily injury for [the complainant] and or bodily injury or death, and did cause [the complainant] to be placed in fear of bodily injury or death, to-wit: [listing five specific allegations of repeated communications, public declarations on Facebook, public statements, and public threats].

*Id*. It further alleged the appellant's conduct caused the complainant "to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended" and "would cause a reasonable person to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended." *Id*. The appellant filed a motion to quash the indictment, alleging the stalking statute was unconstitutionally vague and overbroad, which the trial court denied. *Id*.

On appeal, this Court concluded that "the electronic-communications-harassment statute goes 'beyond a lawful proscription of intolerably invasive conduct and instead reaches a substantial amount of speech protected by the First Amendment' and that the scope of section 42.07(a)(7), as incorporated and included in section 42.072(a), prohibits or chills a substantial amount of protected speech in relation to the legitimate sweep of the statute, rendering it unconstitutionally overbroad." *Id*. at 892 (quoting *State v. Chen*, 615 S.W.3d 376, 383 (Tex. App.—Houston [14th Dist.] 2020, pet. filed)). The Court elaborated that the "inclusion of

–9–

the terms 'harass, annoy, alarm, abuse, torment, embarrass, or offend' leaves the electronic-communications subsection open to various 'uncertainties of meaning' and renders the harassment provisions incorporated into the stalking statute facially unconstitutional as vague and overbroad." *Id.* In so holding, we followed our sister courts' decisions in *Ex parte Barton*, 586 S.W.3d 573, 585 (Tex. App.—Fort Worth 2019), *rev'd*, No. PD-1123-19, 2022 WL 1021061 (Tex. Crim. App. Apr. 6, 2022), and *Chen*, 615 S.W.3d at 383.

After this Court decided *Griswold*, the Texas Court of Criminal Appeals handed down its decision in *Ex parte Barton*, where it held that the "conduct regulated by § 42.07(a)(7) is non-speech conduct that does not implicate the First Amendment." 2022 WL 1021061, at *6. The court followed its precedent in *Scott v. State*, which found the telephone harassment statute[2] constitutional because, "although it may include spoken words," "the statute criminalizes harassing conduct that . . . is essentially noncommunicative." 322 S.W.3d 662, 669–70 (Tex. Crim. App. 2010). Thus, because the First Amendment was not implicated, the court applied a rational basis review and concluded the electronic-communication harassment statute is rationally related to a legitimate governmental interest. *Id.* at

---

[2] "A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person: . . . causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another[.]" TEX. PENAL CODE § 42.07(a)(4).

–10–

\*7. Consequently, the court of criminal appeals held that section 42.07(a)(7) is not facially unconstitutional. *Id.*

We conclude that *Griswold* must give way to *Ex parte Barton*. Our conclusion that "section 42.072(a) of the penal code [was] unconstitutionally overbroad and vague" was based on that statute's incorporation of section 42.07(a)(7), which the court of criminal appeals in *Barton* decided did not implicate the First Amendment. *See Barton*, 2022 WL 1021061, at \*6–8; *Griswold*, 637 S.W.3d at 892. Accordingly, we overrule appellant's fourth issue.

### III. Conclusion

Having overruled appellant's four issues, we affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Publish
Tex. R. App. P. 47.2(b)
200587f.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BABAK TAHERZADEH, Appellant

No. 05-20-00587-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F-16-12037-J.
Opinion delivered by Justice Molberg. Justices Nowell and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of July, 2022.